IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AKTIESELSKABET AF 21. NOVEMBER 2001,
Fredskovvej 5, 7330 Brande, Denmark,

Case No.:

Plaintiff,

vs.

FAME JEANS, INC.,
6650 Cote de Liesse, St. Laurent, Quebec H4T 1E3, Canada,

Defendant.

# COMPLAINT

The plaintiff, Aktieselskabet af 21. November 2001, asserts the following as its Complaint against the defendant, Fame Jeans:

## Preliminary Statement

1. This action is filed pursuant to 15 U.S.C. § 1071(b)(1) seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO") dated January 30, 2006. It is filed in connection with the trademark opposition proceeding captioned <u>Aktieselskabet af 21. November 2001 v. Fame Jeans, Inc.</u>, Opposition No. 91163436.

## The Parties

2. The plaintiff, Aktieselskabet af 21. November 2001, is a Danish company with its primary office located at Fredskovvej 5, 7330 Brande, Denmark. It is wholly owned subsidiary of the Bestseller Company, a Danish company with the same address. The plaintiff holds Bestseller's rights to, and interests in, the "Jack & Jones" trademark at

issue in this action. For the sake of convenience, the plaintiff will hereinafter be referred to as "Bestseller."

3. The defendant, Fame Jeans, Inc. ("Fame Jeans"), is a Canadian company with its primary office located at 6650 Cote de Liesse, St. Laurent, Quebec H4T 1E3, Canada.

## Jurisdiction & Venue

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1071(b)(1) and (4).

5. This Court has personal jurisdiction over Fame Jeans, which sought to register the trademark at issue in this suit with the USPTO, thereby purposely availing itself of the laws of this Court's jurisdiction.

6. Venue in this Court is proper pursuant to 15 U.S.C. § 1071(b)(4) as both parties reside outside the United States.

## Background & Facts

7. Bestseller has been using, and has registered, the Jack & Jones mark on its clothing products throughout Europe and the Middle East since 1990. By mid 2003, it had undertaken preparations to use the Jack & Jones mark in Canada. Bestseller intended that its Canadian operations would serve as a North American base from which to research and coordinate its use of the Jack & Jones mark in the United States. Bestseller applied to register the Jack & Jones marks (text and stylized) in Canada on August 11, 2004 (Application Nos. 1226720 and 1226721), and its applications are pending. Fame Jeans filed oppositions to Bestseller's Canadian applications on November 1, 2005, which were dismissed by the Canadian Intellectual Property Office on February 6, 2006.

8. On January 9, 2004, Fame Jeans filed an application with the USPTO seeking to register the Jack & Jones mark for use on clothing items (Application Serial No. 78350085). At

the time of its filing, Fame Jeans had never used the Jack & Jones mark in commerce in the United States, or anywhere else. Its application was an "intent to use" application, based on 15 U.S.C. § 1051(b) ("section 1(b)"). Upon information and belief, Fame Jeans has never used the Jack & Jones mark anywhere in the world.

9. On December 6, 2004, Bestseller filed an application with the USPTO to register the Jack & Jones mark for use on clothing items (Application Serial No. 78527823). Based on its numerous foreign registrations, and longstanding use, of the Jack & Jones mark in Europe and the Middle East, Bestseller applied to register Jack & Jones in the United States pursuant to 15 U.S.C. § 1126(e) ("section 44(e)"). Specifically, Bestseller's application was based on its 1990 Danish registration (06.569.1990) of the mark for clothing in International Class 025, and stated its bona fide intention to use the Jack & Jones mark in US commerce in connection with the goods in Class 025.

10. On December 15, 2004, Bestseller timely initiated an opposition proceeding with the TTAB (Opposition No. 91163436) contesting Fame Jeans' application to register the Jack & Jones mark.

11. After the parties' engaged in document discovery, Fame Jeans filed a motion for summary judgment with the TTAB on June 20, 2005 alleging that it had priority to register the Jack & Jones mark, based primarily on its earlier application date.

12. On July 18, 2005, Bestseller cross-moved for summary judgment on the grounds that it had superior rights to register the Jack & Jones mark based on its application under section 44(e) and its equitable rights based on its longstanding use of the mark.

13. On January 30, 2006, the TTAB issued a final decision granting Fame Jeans' motion for summary judgment, and denying Bestseller's cross-motion. A copy of the TTAB's decision is attached as Exhibit 1.

14. As Bestseller asserted to the TTAB, the marks sought to be registered by the parties are identical and are for the same categories of goods, so that both parties cannot register the mark without a likelihood of confusion among consumers.

15. Based on its substantial prior investment in the Jack & Jones mark around the world, Bestseller has built considerable goodwill in and recognition of its Jack & Jones mark, and will suffer significant and irreparable damage if Fame Jeans is allowed to register the Jack & Jones mark in the United States.

16. Bestseller asserts that the TTAB erred in granting Fame Jean's motion for summary judgment, and denying its cross-motion for summary judgment, and seeks review of the TTAB's decision pursuant to 15 U.S.C. § 1071(b) on the following grounds:

    a. Based on its application under section 44(e), Bestseller has priority to the Jack & Jones mark over Fame Jean's application, which was filed under section 1(b);

    b. Bestseller has superior equitable claims to register "Jack & Jones" in the United States based on its longstanding use of the mark, in contrast with Fame Jeans, which has never used the mark anywhere; and

    c. Bestseller has additional evidence to submit to this Court that was not presented to the TTAB, which supports its claims and right to the Jack & Jones mark, including its research and marketing for use of the mark within the United States.

WHEREFORE, Bestseller respectfully requests that:

1. The Court vacate the January 30, 2006 decision of the TTAB in <u>Aktieselskabet af 21. November 2001 v. Fame Jeans, Inc.</u>, Opposition No. 91163436, and adjudge that Fame Jeans is not entitled to register the Jack & Jones mark in the United States in connection with the goods described in Application Serial No. 78350085;

2. The Court direct the Commissioner of Trademarks, pursuant to 15 U.S.C. § 1071(b), to deny Fame Jeans' application to register the Jack & Jones mark (Application Serial No. 78350085);

3. The Court direct the Commissioner of Trademarks, pursuant to 15 U.S.C. § 1071(b), to grant Bestseller's application to register the Jack & Jones mark (Application Serial No. 78527823);

4. The Court order Fame Jeans to pay monetary damages to Bestseller should it be determined that Fame Jeans has improperly used the Jack & Jones mark in the United States;

5. The Court enjoin Fame Jeans from use of the Jack & Jones mark in United States commerce in connection with the goods described in Application Serial No. 78350085; and

6. Bestseller be awarded its costs and attorneys' fees incurred in this action, along with any other relief that the Court deems just and proper.

Dated: March 27, 2006
      Binghamton, New York

*Terence P. Cooney* (signature)
Terence P. Cooney, Esq.
(DC Fed. Dist. Ct. No. 321539)
Oliver N. Blaise, III, Esq.
(DC Fed Dist. Ct. application pending)
COUGHLIN & GERHART, LLP
*Attorneys for Plaintiff*
20 Hawley St, 8th Floor East Tower
P.O. Box 2039
Binghamton, New York 13902-2039
Tel: (607) 723-9511
Fax: (607) 723-1530
E-mail:tcooney@cglawllp.com
      oblaise@cglawllp.com

# Exhibit "1"

| | |
|---|---|
| **THIS OPINION IS CITABLE AS PRECEDENT OF THE T.T.A.B.** | UNITED STATES PATENT AND TRADEMARK OFFICE<br>Trademark Trial and Appeal Board<br>P.O. Box 1451<br>Alexandria, VA 22313-1451 |

Cataldo

Mailed: January 30, 2006

Opposition No. **91163436**

Aktieselskabet af 21. November 2001

v.

Fame Jeans, Inc.

Before Hohein, Hairston and Drost,
Administrative Trademark Judges.

By the Board:

Aktieselskabet af 21. November 2001, a Danish corporation, has opposed the application filed on January 9, 2004 by Fame Jeans, Inc., a Canadian corporation, to register the mark JACK & JONES for the following goods:

> Clothing, namely jeans, pants, slacks with strap under foot, shorts, skirts, boxer shorts, culottes, blouses, waistcoats, jackets, coats, tunics, blazers, dresses; corsages, namely, bodices to be incorporated into clothing; bustiers, overalls, pullovers; t-shirts, underpants, vests, short sleeved vests, sweat shirt tops, and dungarees; scarves; shawls, ties; leg warmers; gloves; stockings and socks; tights; swim wear, namely bathing costumes, bathing trunks and bikinis; hats, caps; denim jackets; ski wear, namely ski trousers, ski dungarees, ski overalls, ski jackets, ski vests and ski jackets with detachable sleeves; head scarves, neck scarves; heavy wollen clothing, namely, knitted pants, knitted shorts, and knitted tops; double breasted jackets, overcoat, polo shirts, jogging suits, hats; caps and toques; fleece wear, namely jogging

Opposition No. 91163436

> suits, hooded pullover tops with pouch pockets, muscle tops, shorts, trousers, sweatshirts, sweatpants, vests and tank tops; dresses; shoes; hosiery; lingerie, namely underskirts, panties, bras, and underwear; men's ladies and children's dress pants, dresses, suits and dress shirts.[1]

As grounds for opposition, opposer asserts, in pertinent part of its notice of opposition, that it has sold clothing under the mark JACK & JONES in "international commerce" well prior to the filing date of applicant's challenged application; that opposer owns numerous registrations throughout Europe, South America and the Middle East for the mark JACK & JONES; that as a result of extensive use, promotion and advertising, opposer has built significant goodwill in its JACK & JONES mark; that on December 6, 2004, opposer filed an application for the mark JACK & JONES for the following goods:

> Men's, women's and children's suits, jackets, trousers, skirts, blouses, dresses, sweaters, vests, underpants, shorts; articles of sports clothing, namely shorts, tops, t-shirts, sweatshirts, sweatpants, tights, body stockings and socks; hats and headwear; neckties; scarves; jeans; caps; gloves; belts; footwear; aprons; swimwear; sleeping garments; knitted articles of clothing and articles of clothing made from knitted material, namely sweatshirts, cardigans, tops, pullovers, slipovers, shawls, scarves, hats, jackets, socks, and stockings;[2]

---

[1] Application Serial No. 78350085 was filed based upon applicant's assertion of its bona fide intent to use the mark in commerce.

[2] Application Serial No. 78527823 was filed based upon Section 44(e) of the Trademark Act.

Opposition No. 91163436

that applicant's involved mark so resembles opposer's previously used and applied-for mark, JACK & JONES, as to be likely to cause confusion, or to cause mistake or to deceive. Applicant denied the salient allegations of the notice of opposition. In addition, applicant asserted certain affirmative defenses.

This case now comes before the Board for consideration of applicant's motion for summary judgment on the ground of priority and likelihood of confusion under Trademark Act Section 2(d). Opposer filed a combined brief in opposition thereto and a cross-motion for summary judgment on the ground of priority and likelihood of confusion. Applicant filed a brief in opposition to opposer's cross-motion for summary judgment.

In support of its motion for summary judgment, applicant essentially argues there is no genuine issue of material fact as to the following: that its challenged JACK & JONES mark is identical to opposer's asserted mark; that applicant's clothing goods are identical in part and otherwise closely related to those of opposer; that applicant's intent to use application has priority over opposer's subsequently-filed Section 44(e) application; that opposer has not made any use of its mark in the United States; that opposer has not made use of its mark in interstate commerce or commerce with the United States; that opposer thus cannot claim a date of use that is prior to the filing date of applicant's challenged application;

3

Opposition No. 91163436

and that, as a result of the foregoing, opposer cannot prevail on its claim of priority.

Applicant submitted, as exhibits to its summary judgment motion, a printed copy of the file history of opposer's asserted application Serial No. 78527823 from the United States Patent and Trademark Office's Trademark Information Capture and Retrieval System (TICRS); copies of applicant's first set of interrogatories, requests for production, and requests for admission; and opposer's responses to those written discovery requests.

In its combined response and cross-motion for summary judgment, opposer argues that both parties seek to register the mark JACK & JONES for clothing; that applicant's challenged application is based upon its assertion of a bona fide intent to use its mark in commerce under Section 1(b) of the Trademark Act; that applicant has not yet made use of its mark, either in the United States or elsewhere; that applicant's mark thus is not eligible to register until applicant makes use thereof; that opposer, on the other hand, bases its application upon ownership of numerous foreign registrations under Section 44(e) of the Trademark Act; that opposer thus is not required to make use of its mark in the United States as a condition of registration; that, because opposer's mark is currently eligible for registration and applicant's is not, opposer has superior rights in the JACK & JONES mark; that, in addition, opposer's use of its JACK & JONES mark in foreign commerce

4

Opposition No. 91163436

should be recognized in the interest of justice; that opposer first registered its JACK & JONES mark in Denmark in 1990; that it owns numerous subsequent registrations therefor; that it has made extensive sales of clothing under the JACK & JONES mark; that it intends to use the mark in the United States and is ready to begin doing so; and that, as a result of opposer's establishment of its mark throughout the world, it would be unfair to allow applicant to register the mark in the United States.

Opposer submitted, as exhibits to its response and cross-motion, printouts from the Office's Trademark Electronic Search System (TESS) and Trademark Applications and Registrations Retrieval (TARR) records of applicant's challenged application as well as opposer's asserted application; copies of applicant's responses to opposer's first set of interrogatories and requests for production; a copy of opposer's notice of opposition; printed copies of opposer's foreign registrations; a July 14, 2005 printout from opposer's Internet website; and copies of catalogues, brochures and other advertisements displaying opposer's JACK & JONES mark in association with its goods in foreign commerce not involving the United States.

As has often been stated, summary judgment is an appropriate method of disposing of cases in which there are no genuine issues of material fact in dispute, thus leaving the case to be resolved as a matter of law. See Fed. R. Civ. P. 56(c). The party moving for summary judgment has

Opposition No. 91163436

the initial burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Sweats Fashions Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 4 USPQ2d 1793 (Fed. Cir. 1987). A factual dispute is genuine, if, on the evidence of record, a reasonable finder of fact could resolve the matter in favor of the non-moving party. *See Opryland USA Inc. v. Great American Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992); and *Olde Tyme Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992). The evidence must be viewed in a light most favorable to the non-movant, and all justifiable inferences are to be drawn in the non-movant's favor. *See Lloyd's Food Products Inc. v. Eli's Inc.*, 987 F.2d 766, 25 USPQ2d 2027 (Fed. Cir. 1993); and *Opryland USA, supra*.

After a careful review of the record in this case, we find that there is no genuine issue of material fact and that applicant is entitled to judgment as a matter of law.

Turning to the question of priority, we find there is no genuine issue that applicant is entitled to rely upon the January 9, 2004 filing date of its intent-to-use application as its constructive use date for purposes of priority in this opposition proceeding, subject to applicant's establishment of constructive use (by filing an acceptable allegation of use, resulting in issuance of a registration). *See* Section 7(c) of the Trademark Act. *See also, for example, Larami Corp. v. Talk To Me Programs, Inc.*, 36

Opposition No. 91163436

USPQ2d 1840 (TTAB 1995); and *Zirco Corp. v. American Telephone and Telegraph Co.*, 21 USPQ2d 1542 (TTAB 1991). Similarly, we find no genuine issue that the earliest date upon which opposer is entitled to rely for purposes of priority in this opposition proceeding is the December 6, 2004 filing date of its asserted Section 44(e) application.[3] *See* Section 7(c) of the Trademark Act, *supra*. *See also* 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §16.16 (4th ed. 2005). In its responses to applicant's discovery requests, opposer indicates that it has not made use of the JACK & JONES mark in interstate commerce or commerce with the United States. Opposer further states in its response and cross-motion for summary judgment that while it is prepared to commence use of the JACK & JONES mark in the United States, it has not done so. As such, the record in this case reflects that any prior use of the JACK & JONES mark by opposer is in foreign commerce not involving the United States. It is well settled that "[p]riority of trademark rights in the United States depends solely upon priority of use in the United States, not on priority of use anywhere in the world." *See* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §29.02 (4th ed. 2005). Thus, while opposer argues that it has made extensive foreign use of its mark that is prior to

---

[3] It is noted that opposer does not claim a priority filing date for its application under Trademark Act Section 44(d).

7

Opposition No. 91163436

applicant's filing date, such use does not establish priority of use for purposes of this opposition proceeding. *See Person's Co. v. Christman*, 900 F.2d 1565, 14 USPQ2d 1477 (Fed. Cir. 1990). It is noted that opposer does not claim in its notice of opposition or in response to applicant's motion that its JACK & JONES mark is famous under Paris Convention Art. 6bis(1). Furthermore, opposer does not assert, nor does the record reflect, that opposer has made any common law use of the JACK & JONES mark that would entitle opposer to assert an earlier priority use date. *See, for example, Lucent Information Management, Inc. v. Lucent Technologies, Inc.*, 986 F.Supp 253, 45 USPQ2d 1019 (D.Del. 1997).

In view of the foregoing, we find no genuine issue that the earliest date upon which opposer may rely for purposes of priority - that is, the filing date of its asserted application - is subsequent to the filing date of applicant's challenged application. We find therefor as a matter of law that opposer cannot establish priority of use of the JACK & JONES mark.

Opposer correctly asserts that applicant must demonstrate use of the JACK & JONES mark in its Section 1(b) application prior to registration. However, opposer cites to no authority for its assertion that because applicant has not yet demonstrated use of the mark, opposer's Section 44(e) application provides opposer with superior rights in the JACK & JONES mark. Furthermore, opposer cites to no

Opposition No. 91163436

authority for its assertion that its use of the JACK & JONES mark in foreign commerce "should be recognized in the interests of justice." As noted above, opposer's use of its mark in foreign commerce does not confer priority of use upon opposer for purposes of establishing its claim of priority in this proceeding.

In sum, opposer has failed to disclose any evidence that points to the existence of a genuine issue of material fact on the issue of priority, and applicant has established that there is no genuine issue of material fact on the issue of priority and that applicant is entitled to judgment as a matter of law.

Accordingly, because opposer cannot as a matter of law establish its claim of priority, applicant's motion for summary judgment on the ground of priority of use and likelihood of confusion is granted; opposer's cross-motion for summary judgment on such ground is denied; and the opposition is hereby dismissed with prejudice.