IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| AKTIESELSKABET AF 21. NOVEMBER 2001,<br>Fredskovvej 5, 7330 Brande, Denmark,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>FAME JEANS, INC.,<br>6650 Cote de Liesse, St. Laurent,<br>Quebec H4T 1 E3, Canada,<br><br>　　　　　　　　　　　Defendant. | Case No.: 1:06-CV-00585-RCL |

---

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Fame Jeans, Inc. ("Fame Jeans") moves this Court to dismiss the Complaint of Plaintiff, Aktieselskabet af 21. November 2001 ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff seeks to have this Court review and overturn a final decision of the Trademark Trial and Appeal Board (the "Board") which granted summary judgment in favor of Fame Jeans in Opposition No. 91163436 (the "Opposition"). The Board found that no genuine issue of material fact existed and concluded that Fame Jeans has prior rights to its JACK & JONES mark under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq. (the "Trademark Act").

There is no dispute as to any material fact relevant to Fame Jeans' prior rights to its JACK & JONES mark in the United States. In support of its motion, Fame Jeans relies upon the Memorandum of Law filed herewith.

DM2\740428.1

The interests of judicial economy and fairness to both parties are best served by concluding this proceeding now. The undisputable facts warrant dismissal of Plaintiff's Complaint.

WHEREFORE, Fame Jeans requests that its Motion be granted, and that an order be entered dismissing Plaintiff's Complaint against Fame Jeans with prejudice.

This the 13th day of July, 2006.

Respectfully submitted,

/s/ Barry Golob
Barry Golob
D.C. Bar No. 437754
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006-1608
Telephone:  202-776-5236
Facsimile:  202-776-7801

Lewis F. Gould, Jr. (Pro Hac Vice Application pending)
Maxim A. Voltchenko (Pro Hac Vice Application pending)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone:  215-979-1000
Facsimile:  215-979-1020
E-mail: lfgould@duanemorris.com
E-mail: mavoltchenko@duanemorris.com

Attorneys for Defendant Fame Jeans, Inc.

IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT OF COLUMBIA

---

| | |
|---|---|
| AKTIESELSKABET AF 21. NOVEMBER 2001,<br>Fredskovvej 5, 7330 Brande, Denmark,<br><br>Plaintiff,<br><br>vs.<br><br>FAME JEANS, INC.,<br>6650 Cote de Liesse, St. Laurent,<br>Quebec H4T 1 E3, Canada,<br><br>Defendant. | Case No.: 1:06-CV-00585-RCL |

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I.  INTRODUCTION

Defendant Fame Jeans, Inc. ("Fame Jeans") moves to dismiss the Complaint of Plaintiff, Aktieselskabet af 21. November 2001 ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The Plaintiff's Complaint seeks nothing more than to have this Court review and overturn a final decision of the Trademark Trial and Appeal Board (the "Board") which granted summary judgment to Fame Jeans in Opposition No. 91163436 (the "Opposition").

Despite no dispute over the material facts and the conclusive law on the subject, Plaintiff filed this action, in essence, to overturn the Board's holding on summary judgment that Plaintiff has no rights in its JACK & JONES mark in the United States. Specifically, the Board found on summary judgment that no material facts are in dispute because:

DM2\742689.1

(1) Fame Jeans is entitled to rely upon its January 9, 2004 filing date of its application under Section 1(b) as its constructive use date for purposes of priority;

(2) The earliest date that Plaintiff is entitled to rely on for purposes of priority is the December 6, 2004 filing date of its application under Section 44(e), eleven months after Fame Jeans' filing date;

(3) Plaintiff's foreign use does not establish priority of use for purposes of the Opposition; and

(4) Plaintiff has not used its JACK & JONES mark in the United States.

There is no dispute as to the material fact that Fame Jeans has prior rights to its JACK & JONES mark in the United States. Indeed, Plaintiff has not alleged prior use of its JACK & JONES mark in the United States in the Complaint.

The interests of judicial economy and fairness to both parties are best served by dismissing Plaintiff's Complaint with prejudice. As set forth below, the undisputed facts warrant dismissal of Plaintiff's Complaint.

## II. PROCEDURAL HISTORY

On January 9, 2004, Fame Jeans filed Application Serial No. 78/350,085 under Section 1(b) of the Trademark Act to register its JACK & JONES mark with the U.S. Patent and Trademark Office for:

> "clothing, namely jeans, pants, slacks with strap under foot, shorts, skirts, boxer shorts, culottes, blouses, waistcoats, jackets, coats, tunics, blazers, dresses; corsages, namely, bodices to be incorporated into clothing; bustiers, overalls, pullovers; t-shirts; underpants; vests, short sleeved vests, sweat shirt tops, and dungarees; scarves; shawls, ties; leg warmers; gloves; stockings and socks; tights; swim wear, namely bathing costumes, bathing trunks and bikinis; hats, caps; denim jackets; ski wear, namely ski trousers, ski dungarees, ski overalls, ski jackets, ski vests and ski jackets with detachable sleeves; head scarves, neck scarves; heavy woolen clothing, namely, knitted pants, knitted shorts, and knitted

> tops; double breasted jackets, overcoat, polo shirts, jogging suits, hats; caps and toques; fleece wear, namely jogging suits, hooded pullover tops with pouch pockets, muscle tops, shorts, trousers, sweatshirts, sweatpants, vests and tank tops; dresses; shoes; hosiery; lingerie, namely underskirts, panties, bras, and underwear; men's ladies and children's dress pants, dresses, suits and dress shirts," in International Class 25.

Eleven months later, on December 6, 2004, Plaintiff filed Application Serial No. 78/527,823 to attempt to register its JACK & JONES mark under Section 44(e) of the Trademark Act based on a 1990 Danish Registration No. 06.569.1990, for essentially the same goods.

Plaintiff instituted the Opposition in order to oppose registration of Fame Jeans' JACK & JONES mark. Fame Jeans moved for summary judgment in the Opposition based on the undisputed facts that (1) the earliest date that Plaintiff is entitled to rely for purposes of priority is the December 6, 2004, eleven months after Fame Jeans' filing date of January 9, 2004; (2) Plaintiff's foreign use does not establish priority of use for purposes of the Opposition; and (3) Plaintiff has not used its JACK & JONES mark in interstate commerce in the United States.

The Board, in considering the evidence in a light most favorable to the Plaintiff, granted Fame Jeans' motion for summary judgment and dismissed the Opposition, holding:

(1)   Fame Jeans is entitled to rely upon its January 9, 2004 filing date of its application under Section 1(b) as its constructive use date for purposes of priority;

(2)   The earliest date that Plaintiff is entitled to rely for purposes of priority is the December 6, 2004 filing date of its application under Section 44(e), subsequent to the Fame Jeans' filing date;

(3)   Plaintiff's foreign use does not establish priority of use for purposes of the Opposition; and

(4)   Plaintiff has not used its JACK & JONES mark in the United States.

See *Aktieselskabet af 21. November 2001 v. Fame Jeans, Inc.*, 2006 TTAB LEXIS 33, 77 U.S.P.Q.2d (BNA) 1861 (TTAB 2006).

Plaintiff's Complaint merely attempts to reargue its adverse summary judgment ruling in the instant action by claiming:

(1) That Plaintiff's Section 44(e) application which was filed after Fame Jeans' Section 1(b) application has priority;

(2) That Plaintiff's foreign usage of the mark gives it superior "equitable" claim to register the mark; and

(3) That Plaintiff has evidence of research and marketing for use of the mark in the Untied States which supports the two bases above.

## III.    ARGUMENT

### A.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiff has no legal basis to file a complaint, and even assuming all facts in Plaintiff's Complaint are true, no grounds for relief are available and thus Plaintiff's Complaint must be dismissed.

#### 1.    Plaintiff's Reliance on Section 44(e) To Give Priority Over Fame Jeans' Application is Misplaced.

Plaintiff makes three assertions in its Complaint that provide its sole basis for a case or controversy: (1) Plaintiff states "[b]ased on its application under Section 44(e), [Plaintiff] has priority to the JACK & JONES mark over Fame Jeans' application, which was filed under Section 1(b)." *See* Plaintiff's Complaint, ¶ 16(a); (2) Plaintiff further asserts that "based on its substantial prior investment in the JACK & JONES mark around the world, [Plaintiff] has built considerable goodwill in and recognition of its JACK & JONES mark." *See* Plaintiff's Complaint, ¶ 15; and (3) Plaintiff also states that "[it] has been using, and has registered, the

JACK & JONES mark on its clothing products throughout Europe and the Middle East since 1990. *See* Plaintiff's Complaint, ¶ 16(a). Further, plaintiff avers that by mid 2003, it had undertaken preparations to use the JACK & JONES mark in Canada. [Plaintiff] intended that its Canadian operations would serve as a North American base from which to research and coordinate its use of the JACK & JONES mark in the United States." *See* Plaintiff's Complaint, ¶ 7. Even with the court "liberally constru[ing] the complaint in the plaintiff's favor and grant[ing] the plaintiff the benefit of all inferences" from the facts alleged, plaintiff's complaint fails to state a claim for which relief can be granted. *See Andrx Pharmaceuticals, Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 805 (D.C. Cir. 2001), *cert. denied*, 535 U.S. 931 (2002).

Plaintiff's complaint is deficient and suffers from a fundamental misunderstanding of Section 44(e) grounds for registration when it refers to Plaintiff's superior rights under that section. In a priority determination under Section 44(e), priority is based solely on the filing date in the United States, and foreign filing and/or use issues are irrelevant to this consideration. *See e.g., General Healthcare Ltd. v. Qashat,* 364 F.3d 332, 337 (1st Cir. 2004) (holding that sales between the U.K. and Saudi Arabia are insufficient to establish trademark rights in the United States); *Linville v. Rivard,* 26 U.S.P.Q.2d 1508, 1512 (T.T.A.B. 1993), vacated on other grounds, 11 F.3d 1074 (Fed. Cir. 1993) (stating that it is a fundamental rule that activity outside of the United States is ineffective to create rights in marks within the United States.).

It is undisputed that Fame Jeans is entitled to rely upon its January 9, 2004 filing date of its application under Section 1(b) as its priority date, which is eleven months earlier than Plaintiff's filing date; the earliest date that Plaintiff is entitled to rely for purposes of priority is the December 6, 2004 filing date of its application under Section 44(e), subsequent to the Fame Jeans' filing date. Because Plaintiff does not claim use or a filing date in the United States

predating the filing date of Fame Jeans' JACK & JONES mark in the United States, its complaint fails to state a claim upon which relief may be granted. *See Abbott Labs v. Brennan*, 952 F.2d 1346, 1353 (Fed. Cir. 1991) (dismissal is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") (citations and internal quotations omitted).

2. **Plaintiff's "Equitable" Claims To Register "JACK & JONES" Are Irrelevant to a Priority Determination.**

Plaintiff states that "[it] has superior equitable claims to register "Jack & Jones" in the United States based on its longstanding use of the mark, in contrast with Fame Jeans, which has never used the mark anywhere." *See* Plaintiff's Complaint, ¶ 16(b). Plaintiff, again, misunderstands United States Trademark law.

Under **Section 44(d),** an applicant may claim priority from a foreign filing provided that the corresponding United States Trademark application is filed in the United States within six months of the foreign filing. See 15 U.S.C. § 1126(d). In the present case, Plaintiff's foreign application was filed *more than ten years* ago, and thus Plaintiff was not afforded the right to file its United States application under Section 44(d). Rather, Plaintiff elected to file its United States trademark application under **Section 44(e)**. Plaintiff is simply attempting to claim the benefit of an application's foreign filing date under Section 44(d) while filing under Section 44(e). This benefit is not available to Plaintiff and therefore its December 6, 2004 filing date, eleven months after Defendant's filing date, does not permit Plaintiff, as a matter of law, to claim priority. Accordingly, Fame Jeans' motion to dismiss should be granted and this Court should dismiss Plaintiff's Complaint.

B.   **Plaintiff's Additional Research And Marketing Evidence Does Not Overcome Its Rule 12(b)(6) Deficiencies.**

Plaintiff states that "[it] has additional evidence to submit to this Court that was not presented to the TTAB, which supports its claims and right to the JACK & JONES mark, including its research and marketing for use of the mark within the United States." *See* Plaintiff's Complaint, ¶ 16(c).

Plaintiff's evidence, as plead[1], would do nothing more than buttress the two arguments discussed herein, both of which fail as a matter of law. Regardless of its support for something less that actual use in the United States prior to defendant's January 9, 2004 filing date, Plaintiff's priority issues fail without first use in the United States, of which no use is alleged in the complaint. *See* 2 J. Thomas McCarthy, *Trademarks and Unfair Competition*, §16:12, at p. 16-24.2 through 16-25 (4th ed. 2006) (stating that pre-sales and marketing activities do not suffice to establish a date of first use. Examples of insufficient activities include: use of a term in a prospectus for sale of stock and in financial statements preparatory to doing business; use of a term in advertising copy prepared by a printer; use of a designation in announcements for a new business and in product presentations and advertising; use of a term in letters and negotiations with architects, builders and prospective suppliers prior to opening a retail outlet; shipping goods to another company as part of the manufacturing process).

Without any basis in the law, Plaintiff's alleged research and marketing are irrelevant and cannot provide support to rights that do not exist. Hence, Fame Jeans' motion to dismiss should be granted and this Court should dismiss Plaintiff's Complaint.

---

[1]  In its complaint, Plaintiff is not alleging actual use of the trademark at issue here, but rather avers that it has conducted research and marketing efforts in advance of any possible use of the mark in the United States.

## CONCLUSION

Because Plaintiff cannot, as a matter of law, establish a claim of priority, Fame Jeans' motion to dismiss for failure to state a claim should be granted and this Court should dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

___/s/ Barry Golob_____
Barry Golob
D.C. Bar No. 437754
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006-1608
Telephone:  202-776-5236
Facsimile:  202-776-7801

Lewis F. Gould, Jr. (Pro Hac Vice Application pending)
Maxim A. Voltchenko (Pro Hac Vice Application pending)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone:  215-979-1000
Facsimile:  215-979-1020
E-mail: lfgould@duanemorris.com
E-mail: mavoltchenko@duanemorris.com

Attorneys for Defendant Fame Jeans, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

AKTIESELSKABET AF 21. NOVEMBER 2001, )
Fredskovvej 5, 7330 Brande, Denmark,  ) Case No.: 1:06-CV-00585-RCL
                                      )
              Plaintiff,              )
                                      )
     vs.                              )
                                      )
FAME JEANS, INC.,                     )
6650 Cote de Liesse, St. Laurent,     )
Quebec H4T 1 E3, Canada,              )
                                      )
              Defendant.              )

---

### CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2006, I personally filed the attached Motion To Dismiss Plaintiff's Complaint, Memorandum Of Law In Support Of Motion To Dismiss Plaintiff's Complaint, and Proposed Order, on behalf of Defendant, FAME JEANS, INC., using the CM/ECF system, which sent notification of such filing to the following:

>   Oliver N. Blaise, III
>   Terence Paul Cooney
>   COUGHLIN & GERHART, LLP
>   20 Hawley Street
>   8th Floor East Tower
>   Binghamton, NY  13902-2039
>   tcooney@cglawllp.com
>
>   Barry Golob
>   DUANE MORRIS LLP
>   1667 K Street, N.W.
>   Suite 700
>   Washington, D.C.  20006-1608
>   bgolob@duanemorris.com

                              /s/ Barry Golob

DM2\740428.1