IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

---

| | |
|---|---|
| AKTIESELSKABET AF 21. NOVEMBER 2001, | ) |
| | ) Case No.: 1:06-CV-00585-RCL |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FAME JEANS, INC., | ) |
| | ) |
| Defendant. | ) |

---

**REPLY BRIEF IN SUPPORT OF DEFENDANT FAME JEANS, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.    INTRODUCTION**

Simply put, this is a case about priority. Plaintiff Aktieselskabet af 21. November 2001's ("Plaintiff") opposition to defendant Fame Jeans, Inc.'s ("Fame Jeans") motion to dismiss confirms that there is no dispute over the material facts surrounding the priority dispute here.

Plaintiff admits that (1) it filed a Section 44(e) trademark application in December 2004, more than six months after its application was first filed in a foreign country (and thus has no entitlement to priority based on the foreign filing) and more than eleven months after Fame Jeans filed its intent-to-use application, and (2) it cannot show any use in the United States prior to Fame Jeans' filing of its intent-to-use trademark application.

These facts demonstrate that, even taking the evidence presented in Plaintiff's Complaint as true, Fame Jeans' reliance on its January 2004 filing date of its application under Section 1(b) as its constructive use date conclusively establishes its priority over Plaintiff's December 2004 Section 44(e) application for virtually the identical mark identifying virtually identical goods.

Therefore, Fame Jean's motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted.

DM2\790517.2

## II. ARGUMENT

### A. Plaintiff Cannot Rely On Its Foreign Filing to Establish Priority, And Its Equitable Arguments Fail As A Matter of Law

There is no dispute that Plaintiff filed its trademark application under Section 44(e) in December 2004 and attempted to base priority on its 1990 Danish application. *See* Plaintiff's Opposition at 2. What Plaintiff fails to understand, even though the Trademark Trial and Appeal Board ("TTAB") was unequivocal in granting Fame Jeans' summary judgment motion on this very issue, is that Plaintiff's foreign use does not establish priority of use as against Fame Jeans. Plaintiff spends four pages arguing over the difference between a Section 44(e) and a Section 1(b) application without recognizing the futility of this argument.

Indeed, nothing in Plaintiff's Complaint states a claim for which relief can be granted on this priority issue. Trademark applications filed under Section 44(e) derive priority rights solely from the limitations of Section 44(d), which states that an application filed in the United States for the same mark filed in another country must be "***filed within six months from the date on which the application was first filed in the foreign country.***" *See* 15 U.S.C. § 1126 (d) and (e). Plaintiff's Complaint fails to allege such facts.[1]

Moreover, Plaintiff's attempt to establish that its use of the mark outside of the United States establishes priority over Fame Jeans' earlier filed intent-to use application is simply wrong. Plaintiff's Complaint, and opposition to Fame Jeans' motion to dismiss, attempt to establish that no prior use is necessary in the United States for Plaintiff to establish priority. *See*

---

[1] Plaintiff's assertion that Fame Jeans is attempting to deny Plaintiff its statutory right of appeal is disingenuous, at best. Fame Jeans is simply arguing that Plaintiff's Complaint is factually and legally insufficient and thus must be dismissed under Rule 12(b)(6).

Opposition at 8.[2] That would be true if Plaintiff complied with the requirements of Section 44(d) as explained above. But the facts as plead in Plaintiff's Complaint conclusively establish otherwise, and thus Plaintiff's Complaint fails to state a claim unless it can prove actual use in the United States prior to Fame Jeans' intent-to-use application, which it cannot.[3]

### B. Plaintiff's Complaint Must Be Dismissed Because It Is Devoid Of Any Evidence, New Or Otherwise, That Demonstrates Actual Use By Plaintiff of the Mark Prior To Fame Jeans' Application

Plaintiff asserts that Fame Jeans' motion to dismiss should be denied because it has "newly discovered documentation that was not presented to the TTAB concerning the presence of the Mark in the U.S. prior to [Fame Jeans'] application." *See* Plaintiff's Opposition at 11. Such bald and conclusory assertions, without more, do not prove a set of facts to support a claim that would entitle Plaintiff to relief." *Newborn v. Yahoo! Inc.*, 391 F. Supp. 2d 181, 185 (D.D.C. September 27, 2005).

Indeed, in the TTAB proceeding, Plaintiff admitted that it did not use the Mark in the United States. Plaintiff's opposition to Fame Jeans' motion to dismiss confirms this critical point, "Unfortunately, [Fame Jeans'] improper actions have stopped [Plaintiff] from selling its clothing line in the U.S...." *See* Opposition, at 10.

---

[2] Plaintiff's attempt to argue that Fame Jeans cites a case that was vacated and remanded is untenable. See Opposition at 7 ("Defendant failed to inform this Court that that case was vacated and remanded by ...."). Plaintiff not only disparages Fame Jeans' counsel without any basis, but also misinforms the Court as to the status of the case. As pointed out on page 5 of Fame Jeans' motion to dismiss, the *Linville* case was "*vacated on other grounds*." (emphasis supplied)

[3] Plaintiff also attempts to gain equitable favor with the Court by arguing that Fame Jeans filed its intent-to-use application in bad faith because it knew that Plaintiff "shortly intended to register and use its well-known and valuable Mark in the U.S." and that "it has taken no steps to actually use the Mark in commerce" since 2004. Such arguments are without merit. Like Plaintiff here, once this priority dispute arose, Fame Jeans decided not to expend resources on use of its Mark in the U.S. until the issue is resolved. Further, the Federal Circuit has held that knowledge of foreign use by another of the identical mark for identical goods does not preclude good faith adoption of the Mark by another in the United States. *Person's Co. v. Christman*, 900 F.2d 1565, 1570 (Fed. Cir. 1990).

Moreover, Plaintiff's evidence, as plead, would do nothing more than buttress the two arguments discussed herein, both of which fail as a matter of law. Nowhere in Plaintiff's Complaint or its opposition to Fame Jeans' motion to dismiss does Plaintiff allege actual use of its trademark in the United States nor that its Mark is famous in this country. Rather, Plaintiff avers that it has conducted research and marketing efforts in advance of any possible use of the mark in the United States and refers to extremely vague "presence of the Mark in the U.S. prior to [Fame Jeans'] application." Plaintiff's priority claim fails as a matter of law without first use in the United States, of which no use is alleged in the Complaint. *See, e.g., Almacenes Exito S.A. v. El Gallo Meat Market et. al.*, 381 F. Supp. 2d 324, 328 (S.D.N.Y. 2005) (a party cannot acquire a U.S. trademark through operation of the famous or well-known marks doctrine if it has not used its mark on products sold in the United States).

### III.   CONCLUSION

Because Plaintiff's Complaint fails to state a claim for which relief can be granted, even with all inferences considered in the light most favorable to it, Fame Jeans' motion to dismiss should be granted.

August 14, 2006                              Respectfully submitted,

                                                                     /s/ Barry Golob
                                                  Barry Golob
                                                  D.C. Bar No. 437754
                                                  DUANE MORRIS LLP
                                                  1667 K Street, N.W., Suite 700
                                                  Washington, DC  20006-1608
                                                  Telephone:  202-776-5236
                                                  Facsimile:  202-776-7801

                                                  Lewis F. Gould, Jr. (Admitted Pro Hac Vice)
                                                  Maxim A. Voltchenko (Admitted Pro Hac Vice)
                                                  DUANE MORRIS LLP
                                                  30 South 17th Street
                                                  Philadelphia, PA  19103-4196
                                                  Telephone:  215-979-1000
                                                  Facsimile:  215-979-1020
                                                  E-mail: lfgould@duanemorris.com
                                                  E-mail: mavoltchenko@duanemorris.com

                                                  *Attorneys for Defendant Fame Jeans, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

---

AKTIESELSKABET AF 21. NOVEMBER 2001,    )
                                        ) Case No.: 1:06-CV-00585-RCL
                    Plaintiff,          )
                                        )
vs.                                     )
                                        )
FAME JEANS, INC.,                       )
                                        )
                    Defendant.          )

---

### CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2006, I personally filed the attached Reply Brief In Support Of Defendant Fame Jeans, Inc.'s Motion To Dismiss Plaintiff's Complaint, on behalf of Defendant, FAME JEANS, INC., using the CM/ECF system, which sent notification of such filing to the following:

> Oliver N. Blaise, III
> Terence Paul Cooney
> COUGHLIN & GERHART, LLP
> 20 Hawley Street
> 8th Floor East Tower
> Binghamton, NY 13902-2039
> tcooney@cglawllp.com
>
> Barry Golob
> Lewis F. Gould, Jr. (Admitted Pro Hac Vice)
> Maxim A. Voltchenko (Admitted Pro Hac Vice)
> DUANE MORRIS LLP
> 1667 K Street, N.W.
> Suite 700
> Washington, D.C. 20006-1608
> bgolob@duanemorris.com
> lfgould@duanemorris.com
> mavoltchenko@duanemorris.com

                              /s/ Barry Golob