## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------------------------- x
                                                              :
AKTIESELSKABET AF 21. NOVEMBER 2001,                          :     Case No.: 1:06-CV-00585-RCL
Fredskovvej 5, 7330 Brande, Denmark,                          :
                                                              :
                                                              :
                              Plaintiff,                      :
                                                              :
                                                              :
        - v. -                                                :
                                                              :
                                                              :
FAME JEANS, INC., 6650 Cote de Liesse, St.                    :
Laurent, Quebec H4T 1E3, Canada,                              :
                                                              :
                                                              :
                              Defendant.                      :
------------------------------------------------------------- x
```

### AMENDED COMPLAINT

The plaintiff, Aktieselskabet af 21. November 2001 ("**Plaintiff**"), asserts the following as its Amended Complaint against the defendant, Fame Jeans ("**Defendant**" or "**Fame Jeans**"):

### PRELIMINARY STATEMENT

1.      This action is filed pursuant to 15 U.S.C. § 1071(b)(1) seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("**TTAB**") of the United States Patent and Trademark Office ("**USPTO**") dated January 30, 2006.  It is filed in connection with the trademark opposition proceeding captioned *Aktieselskabet af 21. November 2001 v. Fame Jeans, Inc.*, Opposition No. 91163436.

### THE PARTIES

2.      Bestseller A/S is a Danish company founded in 1975 by the Holch Povlsen family, with its primary office located at Fredskovvej 5, 7330 Brande, Denmark.  It has used the

Jack & Jones trademark on clothing since 1990. Plaintiff, founded in 2001, is an affiliated company of Bestseller A/S and has the same address. Plaintiff holds Bestseller's rights to, and interests in, the "Jack & Jones" trademarks at issue in this action and licenses them to Bestseller A/S. For the sake of convenience, the Plaintiff will hereinafter be referred to as "**Bestseller**."

3.    Defendant is a Canadian company with its primary office located at 6650 Cote de Liesse, St. Laurent, Quebec H4T 1E3, Canada.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1071(b)(1) and (4).

5.    This Court has personal jurisdiction over Fame Jeans, which sought to register the trademark at issue in this suit with the USPTO, thereby purposely availing itself of the laws of this Court's jurisdiction.

6.    Venue in this Court is proper pursuant to 15 U.S.C. § 1071(b)(4) as both parties reside outside the United States.

## BACKGROUND & FACTS

7.    Since 1990, Bestseller has been using, and has registered, the Jack & Jones mark on its clothing products and other goods throughout Europe, the Middle East, Asia, and South America. Bestseller is using and has registered five variations of the Jack & Jones mark, including the word mark "Jack & Jones," the word mark combined with a logo, a "JJ" logo mark, the word mark "Dust by Jack & Jones" and the word mark "Discreet by Jack & Jones." In total, Bestseller has filed 118 registrations covering forty-six countries for the Jack & Jones marks. In addition, it has sixty-nine applications pending for registration of the marks. Hence, Bestseller

NEWY1\8030751.4

has created a very valuable family of "Jack & Jones" marks around the world. Below is a list of all of Bestseller's "Jack & Jones" marks by jurisdiction.

## JACK & JONES TRADEMARKS WORLDWIDE

| Trademark | Class(es) | (Application No.)/ Registration No. | Jurisdiction | (Application Date)/ Registration Date |
|---|---|---|---|---|
| JACK & JONES | 14, 18, 25 | (988979) | Australia | (02/13/2004) |
| JACK & JONES Stylized | 25 | 176748 | Austria | 07/16/1998 |
| JACK & JONES | 18 | 32460 | Bahrain | 06/21/2004 |
| JACK & JONES | 25 | 32461 | Bahrain | 06/21/2004 |
| JJ Logo | 18 | 32464 | Bahrain | 06/21/2004 |
| JACK & JONES Stylized & Design | 18 | 32462 | Bahrain | 06/21/2004 |
| JACK & JONES Stylized & Design | 25 | 32463 | Bahrain | 06/21/2004 |
| JJ Logo | 25 | 32465 | Bahrain | 06/21/2004 |
| JACK & JONES | 25 | 474622 | Benelux | 11/24/1989 |
| JACK & JONES Stylized | 25 | 614774 | Benelux | 01/08/1997 |
| JACK & JONES | 9, 18, 25 | 53719 | Bulgaria | 01/09/2006 |
| JACK & JONES Stylized & Design | 9, 18, 25 | 53720 | Bulgaria | 01/09/2006 |
| JJ Logo | 9, 18, 25 | 53654 | Bulgaria | 12/29/2005 |
| JACK & JONES | N/A | (1226720) | Canada | (08/11/2004) |
| JACK & JONES Stylized & Design | N/A | (1226721) | Canada | (08/11/2004) |
| JACK & JONES | 14, 25 | 591756 | Chile | 10/18/2001 |
| JACK & JONES | 18 | 616727 | Chile | 01/14/2002 |
| JACK & JONES Stylized (Old Logo) | 25 | 1064525 | China | 07/28/1997 |
| JJ Logo | 18 | 3406303 | China | 10/14/2004 |
| JACK & JONES Stylized & Design | 3, 9, 14, 18, 25 | Z 20050782 | Croatia | 03/03/2006 |
| JJ Logo | 3, 9, 14, 18, 25 | Z 20050783 | Croatia | 03/03/2006 |
| JACK & JONES | 9 | 6219 | Cyprus | 04/26/2004 |
| JACK & JONES | 18 | 6220 | Cyprus | 04/26/2004 |
| JACK & JONES | 25 | 6221 | Cyprus | 04/26/2004 |
| JACK & JONES Stylized & Design | 9 | 6238 | Cyprus | 06/27/2003 |

| | | | | |
|---|---|---|---|---|
| JACK & JONES Stylized & Design | 18 | 6239 | Cyprus | 06/27/2003 |
| JACK & JONES Stylized & Design | 25 | 6240 | Cyprus | 06/27/2003 |
| JJ Logo | 9 | 6241 | Cyprus | 06/27/2003 |
| JJ Logo | 18 | 6242 | Cyprus | 06/27/2003 |
| JJ Logo | 25 | 6243 | Cyprus | 06/27/2003 |
| DISCREET BY JACK & JONES Stylized | 3, 18, 25 | 2004 3018 VR | Denmark | 09/14/2004 |
| DUST BY JACK & JONES Stylized | 3, 18, 25 | 2004 3115 VR | Denmark | 09/24/2004 |
| JACK & JONES Stylized | 25 | 1990 6569 VR | Denmark | 09/28/1990 |
| JJ Logo | 9, 18, 25 | 38730 | Estonia | 01/27/2004 |
| JACK & JONES Stylized & Design | 9, 18, 25 | 39034 | Estonia | 04/02/2004 |
| JACK & JONES | 25 | 25523 | Estonia | 04/15/1998 |
| DISCREET BY JACK & JONES Stylized | 3, 18, 25 | 3968138 | European Union (CTM) | 03/01/2006 |
| DUST BY JACK & JONES Stylized | 3, 18, 25 | 3968121 | European Union (CTM) | 09/24/2004 |
| JACK & JONES | 3, 18, 25 | 1107747 | European Union (CTM) | 06/14/2000 |
| JACK JONES Stylized & Design | 9, 14, 18, 25 | 2834208 | European Union (CTM) | 01/22/2004 |
| JJ Logo | 9, 14, 18, 25 | 2832491 | European Union (CTM) | 01/22/2004 |
| JACK & JONES AUTHENTIC STANDARD Stylized | 25 | 2024127 | Germany | 11/06/1992 |
| JJ Logo | 9, 14, 18, 25 | 937/2002 | Iceland | 11/04/2002 |
| JACK & JONES | 14, 18, 25 | 134/2000 | Iceland | 11/01/2000 |
| JACK & JONES Stylized & Design | 9, 14, 18, 25 | 121/2003 | Iceland | 02/04/2003 |
| JACK & JONES Stylized (Old Logo) | 25 | 158340 | Ireland* | 07/31/1995 |
| DISCREET BY JACK & JONES Stylized | 3, 18, 25 | 835859 | International Register** | 08/14/2004 |
| DUST BY JACK & JONES Stylized | 3, 18, 25 | 838581 | International Register** | 08/13/2004 |
| JJ Logo | 25 | 68595 | Jordan | 12/02/2002 |
| JACK & JONES Stylized & Design | 25 | 68597 | Jordan | 12/02/2002 |

- 4 -

| JACK & JONES | 18 | 68596 | Jordan | 12/02/2002 |
|---|---|---|---|---|
| JACK & JONES | 25 | 68598 | Jordan | 12/02/2002 |
| JJ Logo | 18 | 68594 | Jordan | 12/02/2002 |
| JACK & JONES Stylized & Design | 18 | 69137 | Jordan | 12/02/2002 |
| JACK & JONES | 25 | 46859 | Kuwait | 10/28/2000 |
| JACK & JONES Stylized & Design | 18 | 53060 | Kuwait | 02/01/2005 |
| JJ Logo | 18 | 53059 | Kuwait | 02/01/2005 |
| JACK & JONES Stylized & Design | 25 | 54189 | Kuwait | 05/07/2005 |
| JJ Logo | 25 | 54190 | Kuwait | 05/07/2005 |
| JACK & JONES | 18 | 54255 | Kuwait | 05/07/2005 |
| JACK & JONES | 9, 14, 18, 25 | M 51757 | Latvia | 07/20/2003 |
| JJ Logo | 9, 14, 18, 25 | M 51761 | Latvia | 07/20/2003 |
| JACK JONES Stylized & Design | 9, 14, 18, 25 | M 51762 | Latvia | 07/20/2003 |
| JACK & JONES | 25 | 82091 | Lebanon | 12/29/1999 |
| JJ Logo | 18, 25 | 92475 | Lebanon | 12/11/2002 |
| JACK & JONES Stylized & Design | 18, 25 | 92689 | Lebanon | 01/02/1998 |
| JACK & JONES | 18 | 92688 | Lebanon | 01/02/1998 |
| DISCREET BY JACK & JONES | 3, 18, 25 | 99136 | Lebanon | 08/19/2004 |
| DUST BY JACK & JONES | 3, 18, 25 | 99135 | Lebanon | 08/19/2004 |
| JACK & JONES | 25 | 35634 | Lithuania | 11/08/1999 |
| JACK & JONES | 9, 14, 18, 25 | 47454 | Lithuania | 01/28/2004 |
| JACK JONES Stylized & Design | 9, 14, 18, 25 | 47455 | Lithuania | 01/28/2004 |
| JJ Logo | 9, 14, 18, 25 | 47456 | Lithuania | 01/28/2004 |
| JJ Logo | 3, 9, 14, 18, 25 | 731096 | New Zealand | 04/06/2005 |
| JACK & JONES | 3, 9, 14, 18, 25 | 731095 | New Zealand | 06/14/2005 |
| JACK & JONES Stylized & Design | 3, 9, 14, 18, 25 | 731091 | New Zealand | 06/14/2005 |
| JACK JONES Stylized & Design | 18, 25 | 219234 | Norway | 06/05/2003 |
| JACK JONES Stylized & Design | 9 | 219155 | Norway | 05/28/2003 |
| "JACK & JONES" | 25 | 145983 | Norway | 07/11/1991 |

| JJ Logo | 9 | 219154 | Norway | 05/28/2003 |
|---|---|---|---|---|
| JJ Logo | 18, 25 | 219233 | Norway | 06/05/2003 |
| JJ Logo | 25 | 29619 | Oman | 04/09/2005 |
| JJ Logo | 18 | 29620 | Oman | 04/09/2005 |
| JACK & JONES Stylized & Design | 25 | 29618 | Oman | 04/09/2005 |
| JACK & JONES Stylized & Design | 18 | 29617 | Oman | 04/09/2005 |
| JACK & JONES | 25 | 29616 | Oman | 04/09/2005 |
| JACK & JONES | 18 | 29615 | Oman | 04/09/2005 |
| JACK JONES Stylized & Design | 9, 14, 18, 25 | 170616 | Poland | 01/04/2006 |
| JACK & JONES Stylized & Design | 25 | 102241 | Poland | 05/07/1998 |
| JACK & JONES Stylized & Design | 9, 14, 18, 25 | 53107 | Romania | 10/01/2002 |
| JJ Logo | 9, 14, 18, 25 | 52977 | Romania | 10/01/2002 |
| JACK & JONES Stylized & Design | 9, 18, 25 | 266512 | Russia | 01/31/2003 |
| JJ Logo | 9, 18, 25 | 266513 | Russia | 01/31/2003 |
| JJ Logo | 35 | 300804 | Russia | 12/15/2004 |
| JACK & JONES | 9, 18, 25 | 301560 | Russia | 02/21/2006 |
| JACK & JONES Stylized & Design | 35 | 302810 | Russia | 03/15/2006 |
| DISCREET BY JACK & JONES | 3, 18, 25 | 298598 | Russia | 11/24/2005 |
| DUST BY JACK & JONES | 3, 18, 25 | 294995 | Russia | 09/05/2005 |
| JACK & JONES | 25 | 609/43 | Saudi Arabia | 01/08/2002 |
| JACK & JONES Stylized & Design | 25 | 715/39 | Saudi Arabia | 02/25/2004 |
| JJ Logo | 25 | 715/40 | Saudi Arabia | 02/25/2004 |
| JACK & JONES | 18 | 708/43 | Saudi Arabia | 02/26/2003 |
| JACK & JONES Stylized & Design | 18 | 708/44 | Saudi Arabia | 12/21/2003 |
| JJ Logo | 18 | 720/9 | Saudi Arabia | 12/17/2003 |
| JJ Logo | 9, 18, 25 | 583658 | South Korea | 05/28/2004 |
| JACK JONES Stylized & Design | 9, 18, 25 | 4005836570000 | South Korea | 05/28/2004 |
| JACK & JONES | 25 | 449307 | South Korea | 06/14/1999 |
| JACK & JONES Stylized | 25 | 2061067MX | Spain | 02/20/1998 |

| JACK & JONAS Stylized | 25 | 250390 | Sweden | 07/30/1993 |
|---|---|---|---|---|
| JACK & JONES | 25 | 417726 | Switzerland* | 10/13/1993 |
| JACK JONES Stylized & Design | 9, 14, 18, 25 | 505491 | Switzerland | 10/28/2002 |
| JJ Logo | 9, 14, 18, 25 | 505492 | Switzerland | 11/28/2002 |
| JJ Logo | 18 | 1066717 | Taiwan | 11/16/2003 |
| JJ Logo | 25 | 1067213 | Taiwan | 11/16/2003 |
| JACK & JONES Stylized & Design | 18 | 1066718 | Taiwan | 11/16/2003 |
| JACK & JONES Stylized & Design | 25 | 1067214 | Taiwan | 11/16/2003 |
| JACK & JONES | 25 | 912590 | Taiwan | 11/01/2000 |
| JACK & JONES | 23, 24, 25 | 99015253 | Turkey | 09/17/1999 |
| JJ Logo | 3, 9, 14, 18, 25, 35 | 200436278 | Turkey | 10/22/2004 |
| JJ Logo | 18 | [373] 41516 | United Arab Emirates | 07/27/2003 |
| JACK & JONES Stylized & Design | 25 | [364] 41515 | United Arab Emirates | 07/27/2003 |
| JACK JONES | 25 | 2063437 | United Kingdom | 12/26/1997 |
| JACK & JONES Stylized | 25 | 2122241 | United Kingdom | 05/15/1998 |
| JACK & JONES | 25 | 78/527823 | USA | (12/06/2004) |

\* These marks are owned by other companies in the Bestseller Group which are controlled by the Holch Povlsen family.

\*\* International Registration is extended to the following: Iceland, Norway and Switzerland

8.      By mid-2003, Bestseller had undertaken preparations to use the Jack & Jones marks in Canada.  Bestseller intended that its Canadian operations would serve as a North American base from which to research and coordinate its use of the Jack & Jones marks in the United States.

9.      Bestseller and Fame Jeans are business rivals in the competitive clothing industry, especially with respect to the sale of jeans and related items, around the world and in particular in Canada.  Fame Jeans and Bestseller come into contact and are involved with the same individuals and entities in the Canadian clothing industry on a regular basis.  Upon information

and belief, Fame Jeans knew that Bestseller planned to expand its operations and use of the Jack & Jones marks in the United States.

10.    Bestseller applied to register the Jack & Jones marks (word mark as well as the word mark and logo) in Canada on August 11, 2004 (Application Nos. 1226720 and 1226721), and its applications are pending. Fame Jeans filed oppositions to Bestseller's Canadian applications on November 1, 2005, which were dismissed by the Canadian Intellectual Property Office on February 6, 2006.

11.    Bestseller's business has been enormously successful. The average price for clothing under the Jack & Jones trademark runs from 13.50 euros for a t-shirt to 54.00 euros for a jacket. Its jeans (which average in price approximately 67.00 euros) are always in high demand. Tens of millions of articles of clothing have been sold under the Jack & Jones marks worldwide. In 2001, 5,000,000 pieces of clothing were sold in the European Union, and in 2003, 7,000,000 pieces were sold there. The number increased dramatically to 14,000,000 in 2004 and 19,000,000 in 2005. Indeed, Bestseller has over 4,000 wholesale customers for its Jack & Jones branded clothing in Europe, the Middle East, and Russia. In the European Union, the number of Jack & Jones stores has steadily increased from 161 in 2001 to 245 in 2003 to 439 presently. In China, Bestseller has 315 Jack & Jones stores.

12.    Besides its extremely valuable family of marks, Bestseller also owns twenty-one domain names containing the Jack & Jones trademarks. The Jack & Jones Web site has been available in English since 1997. Below is a list of all of Bestseller's Jack & Jones domain names.

| Domain Name | Registration Date |
| --- | --- |
| jack-jones.biz | 02/28/2003 |
| jack-jones.no | 02/28/2001 |

| | |
|---|---|
| jackjones.dk | 01/31/1997 |
| jack-jones.com | 06/27/2003 |
| jackjones.com | 07/02/2003 |
| jackjones.no | 02/28/2001 |
| jackjones.fi | 09/04/2003 |
| jackjones.biz | 11/19/2001 |
| jack-jones.dk | 03/29/1999 |
| jack-jones.cn | 09/30/2003 |
| jack-jones.com.cn | 09/30/2003 |
| jackjones.tm | 12/12/2003 |
| jack-jones.tm | 12/12/2003 |
| jack-jones.com.es | 12/12/2003 |
| jackjones.com.es | 12/12/2003 |
| jack-jones.se | 04/23/2003 |
| jackjones.se | 04/23/2003 |
| jackandjones.dk | 09/06/2001 |
| jackandjones.de | 04/11/2005 |
| jack-jones.eu | 05/03/2006 |
| jackjones.eu | 05/03/2006 |

13.    Bestseller has spent millions of dollars on advertising and promoting its Jack & Jones marks around the world.  Further, between January 2002 and May 2006, Bestseller has spent almost 1,400,000 euros on registering and protecting its marks worldwide.  As a result, the family of marks has become extremely valuable and famous worldwide.

14.    Access to Jack & Jones branded clothing has been available to U.S. consumers through Bestseller's foreign customers and stores as well as through re-sales on eBay.com.

15.    Upon information and belief, in an attempt to thwart Bestseller's planned expansion into the United States and to trade off the worldwide fame and goodwill of the marks,

NEWYI\8030751.4

Fame Jeans filed an application with the USPTO on January 9, 2004, seeking to register the Jack & Jones mark for use on clothing items in International Class 25 (Application Serial No. 78/350085). At the time of its filing, Fame Jeans had never used the Jack & Jones mark in commerce in the United States, or anywhere else. Its application was an "intent to use" application, based on 15 U.S.C. § 1051(b) ("**Section 1(b)**"). Upon information and belief, Fame Jeans has never used the Jack & Jones mark anywhere in the world.

16. On December 6, 2004, Bestseller filed an application with the USPTO to register the Jack & Jones mark for use on clothing items in International Class 25, including "men's, women's and children's suits, jackets, trousers, skirts, blouses, dresses, sweaters, vests, underpants, shorts; articles of sports clothing, namely shorts, tops, t-shirts, sweatshirts, sweatpants, tights, body stockings and socks; hats and headwear; neckties; scarves; jeans; caps; gloves; belts; footwear; aprons; swimwear; sleeping garments; knitted articles of clothing and articles of clothing made from knitted material, namely sweatshirts, cardigans, tops, pullovers, slipovers, shawls, scarves, hats, jackets, socks, and stockings" (Application Serial No. 78/527823). Based on its numerous foreign registrations, and longstanding use, of the Jack & Jones mark in Europe, the Middle East and Asia, Bestseller applied to register the Jack & Jones word mark in the United States pursuant to 15 U.S.C. § 1126(e) ("**Section 44(e)**"). Specifically, Bestseller's application was based on its 1990 Danish registration (06.569.1990) of the mark for clothing in International Class 25, and stated its bona fide intention to use the Jack & Jones mark in US commerce in connection with the goods in Class 25.

## ACTION BEFORE THE TRADEMARK TRIAL APPEAL BOARD

17. On December 15, 2004, Bestseller timely initiated an opposition proceeding with the TTAB (Opposition No. 91163436) contesting Fame Jeans's application to register the Jack &

Jones mark for "clothing, namely jeans, pants, slacks with strap under foot, shorts, skirts, boxer

shorts, culottes, blouses, waistcoats, jackets, coats, tunics, blazers, dresses; corsages, namely,

bodices to be incorporated into clothing; bustiers, overalls, pullovers; t-shirts, underpants; vests,

short sleeved vests, sweat shirt tops, and dungarees; scarves; shawls, ties; leg warmers; gloves;

stockings and socks; tights; swim wear, namely bathing costumes, bathing trunks and bikinis;

hats, caps; denim jackets; ski wear, namely ski trousers, ski dungarees, ski overalls, ski jackets,

ski vests and ski jackets with detachable sleeves; head scarves, neck scarves; heavy woolen

clothing, namely, knitted pants, knitted shorts, and knitted tops; double breasted jackets,

overcoat, polo shirts, jogging suits, hats; caps and toques; fleece wear, namely jogging suits,

hooded pullover tops with pouch pockets, muscle tops; shorts, trousers, sweatshirts, sweatpants,

vests and tank tops; dresses; shoes; hosiery; lingerie, namely underskirts, panties, bras, and

underwear; men's ladies and children's dress pants, dresses, suits and dress shirts"

("**Defendant's Application**").

     18.    In its Notice of Opposition, Bestseller alleged that because the goods listed in

both applications were virtually identical and the words themselves were exactly the same, it was

likely to be damaged by registration of the mark shown in Defendant's Application on the basis

that such mark would cause a likelihood of confusion with Bestseller's Jack & Jones mark,

falsely suggests a connection between Fame Jeans and Bestseller, threatens Bestseller's valuable

goodwill in the mark and interferes with Bestseller's right to register the mark in the United

States.

     19.    On January 21, 2005, Defendant filed an Answer denying the allegation of

Bestseller's Notice of Opposition.

20.     Subsequently, the parties engaged in limited document discovery only.  Despite Bestseller's proper requests to Fame Jeans to produce documents and information regarding its selection, adoption, searches and research regarding the Jack & Jones mark, Fame Jeans refused to do so on an alleged claim of attorney-client privilege.

21.     Before Bestseller had an opportunity to challenge Fame Jeans's claim of attorney-client privilege, Fame Jeans filed a motion for summary judgment with the TTAB on June 20, 2005, alleging that it had priority to register the Jack & Jones mark based solely on its earlier application date under Section 1(b).

22.     On July 18, 2005, Bestseller cross-moved for summary judgment on the grounds that it had superior rights to register the Jack & Jones mark based on its application under Section 44(e) and its equitable rights based on its longstanding and widespread use of the mark.

23.     On January 30, 2006, the TTAB issued a final decision granting Fame Jeans's motion for summary judgment, and denying Bestseller's cross-motion.  A copy of the TTAB's decision is attached as Exhibit 1.

24.     As Bestseller asserted to the TTAB, the marks sought to be registered by the parties are identical and are for virtually identical goods, so that both parties cannot register the mark without a likelihood of confusion among consumers.

25.     The decision of the TTAB in favor of Fame Jeans is erroneous.

## COUNT I
### (Request for Reversal Under Section 21 of Lanham Act)

26.     Bestseller alleges and incorporates by reference Paragraphs 1 through 25.

27.     Bestseller is dissatisfied with the erroneous January 30, 2006 decision of the TTAB.

28.     The January 30, 2006 decision of the TTAB is a final decision subject to review under Section 21 of the Lanham Act, 15 U.S.C. § 1071.  Bestseller elects to seek recourse by civil action under Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b), for reversal of the TTAB's January 30, 2006 decision.

29.     Bestseller asserts that the TTAB erred in granting Fame Jeans's motion for summary judgment and in denying its cross-motion for summary judgment, and seeks review of the TTAB's decision pursuant to 15 U.S.C. § 1071(b) on the following grounds:

      a.     Based on its application under Section 44(e), Bestseller has priority to the Jack & Jones mark over Fame Jeans's application, which was filed under Section 1(b);

      b.     Bestseller has superior equitable claims to register "Jack & Jones" in the United States based on its longstanding and widespread use of the mark, in contrast with Fame Jeans, which has never used the mark anywhere;

      c.     Bestseller has additional evidence to submit to this Court that was not presented to the TTAB, which supports its claims and right to the Jack & Jones mark, including its research and marketing for use of the mark within the United States; and

      d.     Bestseller wishes to obtain further evidence to submit to this Court, which it was prevented from doing before the TTAB, that would support its allegation that Fame Jeans applied for the mark without the requisite bona fide intention under circumstances of good faith.

30.     Based on its substantial prior investment in the Jack & Jones mark around the world, Bestseller has built considerable goodwill in, recognition of and fame of its Jack & Jones marks, and will suffer significant and irreparable damage if Fame Jeans is allowed to register the Jack & Jones mark in the United States.

## COUNT II
### (Application Void Ab Initio)

31.     Bestseller realleges and incorporates by reference Paragraphs 1 through 30.

32.     Under 15 U.S.C. § 1051(b), an applicant must submit a verified statement that it has a bona fide intention, under circumstances showing good faith of such person, to use the mark in commerce on or in connection with the goods listed in the application at the time the application is filed.

33.     Upon information and belief, Fame Jeans did not have a bona fide intention under circumstances showing good faith to use the Jack & Jones mark in commerce in the United States at the time it filed Defendant's Application.

34.     Defendant's Application is thus void ab initio and not entitled to registration.

## COUNT III
### (Misrepresentation)

35.     Bestseller realleges and incorporates by reference Paragraphs 1 through 34.

36.     Upon information and belief, Fame Jeans misrepresented its intentions when it filed Defendant's Application to register the Jack & Jones mark on January 9, 2004.

37.     Upon information and belief, it did not file the application with good faith intent.

38.     Fame Jeans knew that Bestseller shortly intended to exploit its well-known and valuable mark in the United States.

39.     Upon information and belief, Fame Jeans filed Defendant's Application to trade on the substantial good will and fame of Bestseller's marks and to interfere with Bestseller's stated intention to use the mark in the United States.

40.     Fame Jeans has never used the Jack & Jones mark in the United States and investigation reveals that it does not intend to do so.

41.     Fame Jeans's improper actions have stopped Bestseller from expanding its

extremely successful clothing line and related goods under the Jack & Jones marks in the United

States.

42.     At all the relevant times, Fame Jeans knew or should have known that its

representations in its application were misleading and material to the proceedings before the

USPTO.  Upon information and belief, Fame Jeans made the above misrepresentation in its

application with the intent that the USPTO rely on such representation and register the Jack &

Jones mark.

43.     In the opposition proceedings and its dismissing Bestseller's opposition, the

USPTO reasonably (but erroneously as alleged above) relied on Fame Jeans's material

misrepresentations regarding its bona fide intent.

## PRAYER FOR RELIEF

WHEREFORE, Bestseller respectfully requests that:

1.     The Court vacate the January 30, 2006, decision of the TTAB in *Aktieselskabet af*

*21. November 2001 v. Fame Jeans, Inc.*, Opposition No. 91163436, and adjudge that

Defendant's Application is likely to cause confusion with Bestseller's marks and that Fame Jeans

is not entitled to register the Jack & Jones mark in the United States in connection with the goods

described in Application Serial No. 78/350085;

2.     The Court direct the Commissioner of Trademarks, pursuant to 15 U.S.C.

§ 1071(b), to deny Fame Jeans's application to register the Jack & Jones mark (Application

Serial No. 78/350085);

- 15 -

3.     The Court direct the Commissioner of Trademarks, pursuant to 15 U.S.C.

§ 1071(b), to grant Bestseller's application to register the Jack & Jones mark (Application Serial

No. 78/527823);

4.     The Court order Fame Jeans to pay monetary damages to Bestseller should it be

determined that Fame Jeans has improperly used the Jack & Jones mark in the United States;

5.     The Court permanently enjoin Fame Jeans from use of the Jack & Jones mark or

similar marks in United States commerce in connection with the goods described in Application

Serial No. 78350085; and

6.     Bestseller be awarded its costs and attorneys' fees incurred in this action, along

with any other relief that the Court deems just and proper.


Dated:    August 30, 2006


                            _____/s/ Oliver N. Blaise, III_____
                            Oliver N. Blaise, III, Esq.
                            (DC Dist. Ct. Bar No. NY0066)
                            COUGHLIN & GERHART, LLP
                            *Attorneys for Plaintiff*
                            20 Hawley Street, 8th Floor East Tower
                            P.O. Box 2039
                            Binghamton, New York 13902-2039
                            Tel: (607) 723-9511
                            Fax: (607) 723-1530
                            E-mail: oblaise@cglawllp.com

                            Monica P. McCabe, Esq.
                            (D.C. Dist. Ct. Bar No. 411426)
                            DLA PIPER RUDNICK GRAY CARY US LLP
                            *Attorneys for Plaintiff*
                            1251 Avenue of the Americas, 38th Floor
                            New York, New York 10020
                            Tel:  (212) 335-4500
                            Fax:  (212) 335-4501
                            E-mail:  monica.mccabe@dlapiper.com

NEWY1\8030751.4

NEWY1\8030751.4

EXHIBIT "1"

> **THIS OPINION IS CITABLE
> AS PRECEDENT OF
> THE T.T.A.B.**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Cataldo

Mailed: January 30, 2006

Opposition No. **91163436**

Aktieselskabet af 21. November 2001

v.

Fame Jeans, Inc.

Before Hohein, Hairston and Drost,
Administrative Trademark Judges.

By the Board:

Aktieselskabet af 21. November 2001, a Danish corporation, has opposed the application filed on January 9, 2004 by Fame Jeans, Inc., a Canadian corporation, to register the mark JACK & JONES for the following goods:

> Clothing, namely jeans, pants, slacks with strap under foot, shorts, skirts, boxer shorts, culottes, blouses, waistcoats, jackets, coats, tunics, blazers, dresses; corsages, namely, bodices to be incorporated into clothing; bustiers, overalls, pullovers; t-shirts, underpants, vests, short sleeved vests, sweat shirt tops, and dungarees; scarves; shawls, ties; leg warmers; gloves; stockings and socks; tights; swim wear, namely bathing costumes, bathing trunks and bikinis; hats, caps; denim jackets; ski wear, namely ski trousers, ski dungarees, ski overalls, ski jackets, ski vests and ski jackets with detachable sleeves; head scarves, neck scarves; heavy wollen clothing, namely, knitted pants, knitted shorts, and knitted tops; double breasted jackets, overcoat, polo shirts, jogging suits, hats; caps and toques; fleece wear, namely jogging

Opposition No. 91163436

> suits, hooded pullover tops with pouch pockets,
> muscle tops, shorts, trousers, sweatshirts,
> sweatpants, vests and tank tops; dresses; shoes;
> hosiery; lingerie, namely underskirts, panties,
> bras, and underwear; men's ladies and children's
> dress pants, dresses, suits and dress shirts.[1]

As grounds for opposition, opposer asserts, in pertinent
part of its notice of opposition, that it has sold clothing
under the mark JACK & JONES in "international commerce" well
prior to the filing date of applicant's challenged
application; that opposer owns numerous registrations
throughout Europe, South America and the Middle East for the
mark JACK & JONES; that as a result of extensive use,
promotion and advertising, opposer has built significant
goodwill in its JACK & JONES mark; that on December 6, 2004,
opposer filed an application for the mark JACK & JONES for
the following goods:

> Men's, women's and children's suits, jackets,
> trousers, skirts, blouses, dresses, sweaters,
> vests, underpants, shorts; articles of sports
> clothing, namely shorts, tops, t-shirts,
> sweatshirts, sweatpants, tights, body stockings
> and socks; hats and headwear; neckties; scarves;
> jeans; caps; gloves; belts; footwear; aprons;
> swimwear; sleeping garments; knitted articles of
> clothing and articles of clothing made from
> knitted material, namely sweatshirts, cardigans,
> tops, pullovers, slipovers, shawls, scarves, hats,
> jackets, socks, and stockings;[2]

---

[1] Application Serial No. 78350085 was filed based upon
applicant's assertion of its bona fide intent to use the mark in
commerce.

[2] Application Serial No. 78527823 was filed based upon Section
44(e) of the Trademark Act.

Opposition No. 91163436

that applicant's involved mark so resembles opposer's
previously used and applied-for mark, JACK & JONES, as to be
likely to cause confusion, or to cause mistake or to
deceive.  Applicant denied the salient allegations of the
notice of opposition.  In addition, applicant asserted
certain affirmative defenses.

This case now comes before the Board for consideration
of applicant's motion for summary judgment on the ground of
priority and likelihood of confusion under Trademark Act
Section 2(d).  Opposer filed a combined brief in opposition
thereto and a cross-motion for summary judgment on the
ground of priority and likelihood of confusion.  Applicant
filed a brief in opposition to opposer's cross-motion for
summary judgment.

In support of its motion for summary judgment,
applicant essentially argues there is no genuine issue of
material fact as to the following:  that its challenged JACK
& JONES mark is identical to opposer's asserted mark; that
applicant's clothing goods are identical in part and
otherwise closely related to those of opposer; that
applicant's intent to use application has priority over
opposer's subsequently-filed Section 44(e) application; that
opposer has not made any use of its mark in the United
States; that opposer has not made use of its mark in
interstate commerce or commerce with the United States;
that opposer thus cannot claim a date of use that is prior
to the filing date of applicant's challenged application;

Opposition No. 91163436

and that, as a result of the foregoing, opposer cannot prevail on its claim of priority.

Applicant submitted, as exhibits to its summary judgment motion, a printed copy of the file history of opposer's asserted application Serial No. 78527823 from the United States Patent and Trademark Office's Trademark Information Capture and Retrieval System (TICRS); copies of applicant's first set of interrogatories, requests for production, and requests for admission; and opposer's responses to those written discovery requests.

In its combined response and cross-motion for summary judgment, opposer argues that both parties seek to register the mark JACK & JONES for clothing; that applicant's challenged application is based upon its assertion of a bona fide intent to use its mark in commerce under Section 1(b) of the Trademark Act; that applicant has not yet made use of its mark, either in the United States or elsewhere; that applicant's mark thus is not eligible to register until applicant makes use thereof; that opposer, on the other hand, bases its application upon ownership of numerous foreign registrations under Section 44(e) of the Trademark Act; that opposer thus is not required to make use of its mark in the United States as a condition of registration; that, because opposer's mark is currently eligible for registration and applicant's is not, opposer has superior rights in the JACK & JONES mark; that, in addition, opposer's use of its JACK & JONES mark in foreign commerce

4

Opposition No. 91163436

should be recognized in the interest of justice; that
opposer first registered its JACK & JONES mark in Denmark in
1990; that it owns numerous subsequent registrations
therefor; that it has made extensive sales of clothing under
the JACK & JONES mark; that it intends to use the mark in
the United States and is ready to begin doing so; and that,
as a result of opposer's establishment of its mark
throughout the world, it would be unfair to allow applicant
to register the mark in the United States.

Opposer submitted, as exhibits to its response and
cross-motion, printouts from the Office's Trademark
Electronic Search System (TESS) and Trademark Applications
and Registrations Retrieval (TARR) records of applicant's
challenged application as well as opposer's asserted
application; copies of applicant's responses to opposer's
first set of interrogatories and requests for production; a
copy of opposer's notice of opposition; printed copies of
opposer's foreign registrations; a July 14, 2005 printout
from opposer's Internet website; and copies of catalogues,
brochures and other advertisements displaying opposer's JACK
& JONES mark in association with its goods in foreign
commerce not involving the United States.

As has often been stated, summary judgment is an
appropriate method of disposing of cases in which there are
no genuine issues of material fact in dispute, thus leaving
the case to be resolved as a matter of law. *See* Fed. R.
Civ. P. 56(c). The party moving for summary judgment has

Opposition No. 91163436

the initial burden of demonstrating the absence of any
genuine issue of material fact. *See Celotex Corp. v.
Catrett*, 477 U.S. 317 (1986); and *Sweats Fashions Inc. v.
Pannill Knitting Co.*, 833 F.2d 1560, 4 USPQ2d 1793 (Fed.
Cir. 1987). A factual dispute is genuine, if, on the
evidence of record, a reasonable finder of fact could
resolve the matter in favor of the non-moving party. *See
Opryland USA Inc. v. Great American Music Show Inc.*, 970
F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992); and *Olde Tyme
Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542
(Fed. Cir. 1992). The evidence must be viewed in a light
most favorable to the non-movant, and all justifiable
inferences are to be drawn in the non-movant's favor. *See
Lloyd's Food Products Inc. v. Eli's Inc.*, 987 F.2d 766, 25
USPQ2d 2027 (Fed. Cir. 1993); and *Opryland USA, supra*.

After a careful review of the record in this case, we
find that there is no genuine issue of material fact and
that applicant is entitled to judgment as a matter of law.

Turning to the question of priority, we find there is
no genuine issue that applicant is entitled to rely upon the
January 9, 2004 filing date of its intent-to-use application
as its constructive use date for purposes of priority in
this opposition proceeding, subject to applicant's
establishment of constructive use (by filing an acceptable
allegation of use, resulting in issuance of a registration).
*See* Section 7(c) of the Trademark Act. *See also, for
example, Larami Corp. v. Talk To Me Programs, Inc.*, 36

6

Opposition No. 91163436

USPQ2d 1840 (TTAB 1995); and *Zirco Corp. v. American Telephone and Telegraph Co.*, 21 USPQ2d 1542 (TTAB 1991). Similarly, we find no genuine issue that the earliest date upon which opposer is entitled to rely for purposes of priority in this opposition proceeding is the December 6, 2004 filing date of its asserted Section 44(e) application.[3] *See* Section 7(c) of the Trademark Act, *supra*. *See also* 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §16.16 (4th ed. 2005). In its responses to applicant's discovery requests, opposer indicates that it has not made use of the JACK & JONES mark in interstate commerce or commerce with the United States. Opposer further states in its response and cross-motion for summary judgment that while it is prepared to commence use of the JACK & JONES mark in the United States, it has not done so. As such, the record in this case reflects that any prior use of the JACK & JONES mark by opposer is in foreign commerce not involving the United States. It is well settled that "[p]riority of trademark rights in the United States depends solely upon priority of use in the United States, not on priority of use anywhere in the world." *See* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §29.02 (4th ed. 2005). Thus, while opposer argues that it has made extensive foreign use of its mark that is prior to

---

[3] It is noted that opposer does not claim a priority filing date for its application under Trademark Act Section 44(d).

Opposition No. 91163436

applicant's filing date, such use does not establish
priority of use for purposes of this opposition proceeding.
*See Person's Co. v. Christman*, 900 F.2d 1565, 14 USPQ2d 1477
(Fed. Cir. 1990).  It is noted that opposer does not claim
in its notice of opposition or in response to applicant's
motion that its JACK & JONES mark is famous under Paris
Convention Art. 6bis(1).  Furthermore, opposer does not
assert, nor does the record reflect, that opposer has made
any common law use of the JACK & JONES mark that would
entitle opposer to assert an earlier priority use date.
*See, for example, Lucent Information Management, Inc. v.
Lucent Technologies, Inc.*, 986 F.Supp 253, 45 USPQ2d 1019
(D.Del. 1997).

     In view of the foregoing, we find no genuine issue that
the earliest date upon which opposer may rely for purposes
of priority - that is, the filing date of its asserted
application - is subsequent to the filing date of
applicant's challenged application.  We find therefor as a
matter of law that opposer cannot establish priority of use
of the JACK & JONES mark.

     Opposer correctly asserts that applicant must
demonstrate use of the JACK & JONES mark in its Section 1(b)
application prior to registration.  However, opposer cites
to no authority for its assertion that because applicant has
not yet demonstrated use of the mark, opposer's Section
44(e) application provides opposer with superior rights in
the JACK & JONES mark.  Furthermore, opposer cites to no

8

Opposition No. 91163436

authority for its assertion that its use of the JACK & JONES mark in foreign commerce "should be recognized in the interests of justice." As noted above, opposer's use of its mark in foreign commerce does not confer priority of use upon opposer for purposes of establishing its claim of priority in this proceeding.

In sum, opposer has failed to disclose any evidence that points to the existence of a genuine issue of material fact on the issue of priority, and applicant has established that there is no genuine issue of material fact on the issue of priority and that applicant is entitled to judgment as a matter of law.

Accordingly, because opposer cannot as a matter of law establish its claim of priority, applicant's motion for summary judgment on the ground of priority of use and likelihood of confusion is granted; opposer's cross-motion for summary judgment on such ground is denied; and the opposition is hereby dismissed with prejudice.