IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

---

AKTIESELSKABET AF 21. NOVEMBER 2001,   )
                                        ) Case No.: 1:06-CV-00585-RCL
                    Plaintiff,          )
                                        )
         vs.                            )
                                        )
FAME JEANS, INC.,                       )
                                        )
                    Defendant.          )

---

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
FAME JEANS, INC.'S RENEWED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT UNDER RULE 12(B)(6), FED.R.CIV.P.

I.   **INTRODUCTION**

Plaintiff, Aktieselskabet af 21. November 2001's ("Plaintiff") Amended Complaint does nothing more than add extraneous facts about its numerous foreign trademark applications, its foreign registrations, and its domain names. Importantly, and noticeably absent, as it was from Plaintiff's original complaint, are any facts that could give Plaintiff prior rights to the JACK & JONES mark in the United States. Simply put, Plaintiff does not cure the fundamental defect present in its original Complaint, and thus defendant Fame Jeans, Inc.'s ("Fame Jeans") moves the Court to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6), Fed.R.Civ.P.

Plaintiff's attempt to survive Fame Jeans' first motion to dismiss by the addition of a "new" claim for bad faith is an exercise in futility. Specifically, Plaintiff alleges, with absolutely no support, that Fame Jeans filed its intent-to-use application in bad faith "to keep Plaintiff out of the United States market and to trade upon the world renown of Plaintiff's mark." Plaintiff's sole support for this groundless contention is that Fame Jeans and Plaintiff are competitors, and because Plaintiff used the JACK & JONES mark **outside the United States,** Fame Jeans likely

DM2\837569.1

knew of Plaintiff's possible expansion into the United States and filed its application to block such expansion.

It is well-settled that knowledge of foreign use of a mark does not preclude good faith adoption and use of the identical mark in the United States. Thus, even if the facts as plead are true, which they are not (and are merely speculation), Plaintiff's new claim is futile. Consequently, Plaintiff's Amended Complaint fails as a matter of law, and for all of the reasons enumerated in Fame Jeans's July 13, 2006 motion to dismiss under Fed.R.Civ.P. 12(b)(6) and incorporated here, Plaintiff's Amended Complaint should be dismissed.

## II.   ARGUMENT

### A.   Plaintiff's Amended Complaint Fails As Matter Of Law

Priority of trademark rights in the United States depends solely upon priority of use in the United States, not on priority of use anywhere in the world. But for two exceptions, prior use in a foreign nation does not establish priority of use in the United States.[1] Plaintiff's activity does not fall within either of these exceptions, and thus Fame Jeans's renewed motion to dismiss should be granted.

The law is clear that the first party to exhibit actual or constructive use in the United States will prevail over the foreign senior user unless it can be shown that: 1) it adopted the mark in bad faith (i.e., to block the prior foreign user's planned expansion into the United States, or 2) the foreign mark is famous here. *See Person's Co. v. Christman*, 900 F.2d 1565, 1570, 14 USPQ2d 1477 (Fed. Cir. 1990); *see also Mother's Restaurants, Inc. v. Mother's Other Kitchen,*

---

[1] *Linville v. Rivard*, 26 U.S.Q.2d 1508, 1512 (T.T.A.B. 1993), *vacated on other grounds*, 11 F.3d 1074 (Fed. Cir. 1993) (holding that it is a fundamental rule that activity outside of the United States is ineffective to create rights in marks within the United States.); *see also* 2 J. Thomas McCarthy, *Trademarks and Unfair Competition*, §16:17, at p. 16-36.2 through 16-36.3 (4th ed. 2006).

*Inc.*, 218 USPQ 1046 (TTAB 1983). Plaintiff's Amended Complaint fails to plead any facts to establish either of these two exceptions, and thus Fame Jeans's motion to dismiss should be granted.

### 1.  Fame Jeans' Alleged Awareness of Plaintiff's Foreign Mark Cannot Constitute Bad Faith As A Matter of Law

The Amended Complaint avers that Fame Jeans *likely* knew that Plaintiff planned to enter the United States market and filed its intent-to-use application to "thwart [Plaintiff's] planned expansion"[2] and "trade on the worldwide fame and goodwill of Plaintiff's marks."[3] Fame Jeans' knowledge of Plaintiff's foreign use of the JACK & JONES mark, however, even if true, is not and cannot be a ground for bad faith adoption of a mark as a matter of law. *See Person's,* 900 F.2d at 1570.

The Federal Circuit in *Person's* directly addresses these issues and provides the boundaries of legally acceptable conduct. In *Person's,* an American visitor (Christman) to Japan seeing the PERSON'S trademark for wearing apparel returned to the United States and adopted

---

[2] Plaintiff fails to explain how Fame Jeans' adoption of the JACK & JONES mark prevents Plaintiff from expansion into the United States and why Plaintiff could not adopt a different brand for clothing it intends to sell in the United States, given that the JACK & JONES mark is not known to the American consumer.

[3] Fame Jeans also asserts that Plaintiff's Amended Complaint is not in compliance with Rule 9, Fed.R.Civ.P. because Plaintiff has failed to plead Fame Jeans' alleged bad faith with the required degree of particularity. Because Plaintiff's allegations imply fraud on the part of Fame Jeans, the circumstances constituting fraud on the PTO must be stated with particularity. *King Automotive, Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010 (C.C.P.A. 1981). In *King Automotive*, the plaintiff alleged fraud in the defendant's procurement of the registrations grounded on actual knowledge of the plaintiff's conflicting mark. Indeed, the plaintiff's arguably conflicting mark appears in a trademark search report received by the defendant. The plaintiff argued that the defendant's bad faith can be "reasonably inferred" from its knowledge of potentially conflicting mark. The Court of Customs and Patent Appeals flatly rejected this argument. Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the circumstances constituting fraud. *Id.* Here, Plaintiff makes similar, if not identical, conclusory statements and unfounded inferences. Plaintiff infers that because Fame Jeans and Plaintiff are competitors, Fame Jeans "likely" was aware of Plaintiff's planned expansion into the United States, Fame Jeans "likely" did not have a bona fide intention to use its mark in commerce in the United States, and its only reason to file for registration was to allegedly "attempt[] to thwart [Plaintiff's] planned expansion into the United States." These conclusory assumptions have no support whatsoever in Plaintiff's Amended Complaint and thus cannot form the basis of a bad faith count.

the identical mark on wearing apparel, later obtaining federal registration.[4] The defendant first sold clothing under the PERSON'S mark in April 1982 and filed its application in April 1983. The plaintiff was very successful in Japan and began implementing its plan to sell goods under this mark in the United States. The first sales occurred in November 1982, that is, prior to the defendant's filing of its application. The Japanese company claimed that the defendant's adoption and use of the mark was tainted with bad faith. Similar to Plaintiff here, the Japanese company made references to a "world economy" alluding to worldwide good will of its mark.

The Federal Circuit, however, rejected the plaintiff's arguments, unanimously finding no bad faith. The Court refused to infer bad faith adoption because of the defendant's awareness of the plaintiff's use of the mark in Japan. "[A]n inference of bad faith requires something more than mere knowledge of prior use of a similar mark in a foreign country." *Person's*, 900 F.2d at 1570. Additionally, the Court held the PERSON'S mark was not a "famous" mark "well known" by reputation in the United States. The Court said the defendant committed no fraud in applying to register the mark in the United States and cancelled the U.S. registration granted to the Japanese company on a likelihood of confusion ground. *Id. See also Almacenes Exito S.A. v. El Gallo Meat Market et. al.*, 381 F. Supp.2d 324, 328 (S.D.N.Y. 2005) (dismissing plaintiff's complaint under facts similar to *Person's* on defendants's Rule 12(b)(6) motion to dismiss).[5]

The *Person's* case provides even more compelling arguments to support Fame Jeans's priority and good faith. The plaintiff in *Person's* used its mark in the United States prior to the

---

[4] The defendant also apparently copied the Japanese company's globe logo and many of the clothing styles.

[5] Furthermore, in *General Healthcare*, the Court assumed that the defendant, who applied to register the mark in the United States, was aware of the plaintiff's prior use of the mark outside the United States. Nevertheless, the court held: "To the extent that [defendant] was aware of [plaintiff's prior] operations in the Middle East, such is not ground for fraud, *especially absent any visible indicia of [plaintiff's] use in commerce in the United States.*" (emphasis supplied) *General Healthcare Ltd. v. Qashat*, 364 F.3d 332, 338 (1st Cir. 2004).

defendant's application. Here, Plaintiff's Amended Complaint does not allege that Plaintiff distributed or sold goods under its mark "in the ordinary course of trade" in the United States, prior to Fame Jeans' application filing date. Indeed, to date Plaintiff has not used its mark in the United States. Alleged individual re-sales or imports by individual American travelers who may have purchased Plaintiff's products abroad would not qualify as use "in the ordinary course of trade."[6] Thus, the first exception to the territoriality principle does not apply here.

Moreover, the cases cited by Plaintiff do not support survival of Plaintiff's Amended Complaint. Plaintiff's reliance on *Ceasars*[7] and *Salacuse*[8] are misplaced. The defendants in *Caesars* and *Salacuse* operated dubious businesses and filed numerous intent-to-use applications. Plaintiff's Amended Complaint alleges no similar facts on the part of Fame Jeans here. By contrast, Plaintiff admits that Fame Jeans is its legitimate competitor and "business rival."[9]

*Advertising to Women*[10] is also distinguishable. The defendant's bad faith was supported by its tenuous placement of its fragrance product in only one store to support its statement of use and the fact that the defendant used to be an advertising and marketing agency, rather than a legitimate business competitor. Additionally, the defendant in *Advertising to Women* lacked a long business record as a manufacturer, unlike Fame Jeans here. Finally, the worldwide and U.S. familiarity with the plaintiff's name—Versace—even though its entire VERSACE'S BLONDE

---

[6] Plaintiff's Amended Complaint alleges: "Access to Jack & Jones branded clothing has been available to United States consumers through [Plaintiff's] foreign customers and stores as well as through re-sales on eBay.com." *See* ¶14. Plaintiff's "sales" would not qualify as "use in commerce" because such sales did not occur "in the ordinary course of trade."

[7] *Caesars World, Inc. v. Milanian*, 247 F. Supp. 2d 1171 (D. Nev. 2003).

[8] *Salacuse v. Ginger Spirits, Inc.*, 44 U.S.P.Q.2d 1415, 1997 WL 687374, (T.T.A.B. 1997).

[9] Amended Complaint, ¶ 9.

[10] *Advertising to Women, Inc. v. Gianni Versace S.p.A.*, 2000 U.S. Dist. LEXIS 12490 (D. Ill. 2000).

mark at issue was not famous in this country, contributed to a bad faith determination. By contrast, none of these circumstances present here.

Plaintiff thus fails to (and cannot as a matter of law) plead any facts sufficient to establish Fame Jeans' alleged lack of good faith in obtaining its prior rights to the JACK & JONES mark under Section 1(b).

### 2. Plaintiff's Amended Complaint Fails To Plead Any Facts That Plaintiff Used The Mark In The United States Or That The Mark Has Any Reputation In This Country

Plaintiff's Amended Complaint merely describes its foreign registrations and applications in much greater detail[11] and adds information about the Canadian opposition proceedings[12], its domain names,[13] and other information concerning use of the JACK & JONES mark **outside the United States**. These facts are irrelevant to a priority determination in the United States under *Person's*. There is no such a thing as a worldwide patent or trademark, and there is no worldwide fame and good will. Plaintiff's Amended Complaint does not and cannot claim that Plaintiff's mark is famous in the United States without first use in the United States, of which no use is alleged in Plaintiff's Amended Complaint. *See, e.g., Almacenes Exito S.A. v. El Gallo Meat Market et. al.*, 381 F. Supp. 2d 324, 328 (S.D.N.Y. 2005) (a party cannot acquire a U.S. trademark through operation of the famous or well-known marks doctrine if it has not used its

---

[11] Plaintiff asserts use of the mark "throughout Europe, the Middle East, Asia, and South America" and pleads numerous trademark properties in foreign countries. *See* Amended Complaint, ¶ 7.

[12] Plaintiff asserts that the Canadian Intellectual Property Office dismissed the Opposition by Fame Jeans to Plaintiff's applications to register the JACK & JONES word and logo marks in Canada. *See* Amended Complaint, ¶ 10. Such assertions are simply wrong. There is a due date of December 24, 2006 to file evidence in the Canadian Oppositions. The Canadian proceedings are irrelevant to this case in any event.

[13] *See* Amended Complaint, ¶ 12. The information about Plaintiff's domain names is irrelevant because use of a designation in a domain name generally does not qualify as use of a trademark. *See, e.g.*, Trademark Manual of Examining Procedure, §1215.02 (domain names have no source-indicating significance and are merely devices that every Internet site must use as part of its address).

mark on products sold in the United States). Thus, the second exception to the territoriality principle does not apply here.[14] Accordingly, Fame Jeans' motion to dismiss Plaintiff's Amended Complaint should be granted.

### III. CONCLUSION

Because Plaintiff's Amended Complaint fails to plead any new facts that would give Plaintiff prior rights to the JACK & JONES mark in the United States and because Amended Complaint will fail as a matter of law, even with all inferences considered in the light most favorable to it, the Court should grant Fame Jeans's renewed motion to dismiss.

September 27, 2006                    Respectfully submitted,

                                      /s/ Barry Golob
                                      Barry Golob
                                      D.C. Bar No. 437754
                                      DUANE MORRIS LLP
                                      1667 K Street, N.W., Suite 700
                                      Washington, DC  20006-1608
                                      Telephone:  202-776-5236
                                      Facsimile:  202-776-7801

                                      Lewis F. Gould, Jr. (Admitted Pro Hac Vice)
                                      Maxim A. Voltchenko (Admitted Pro Hac Vice)
                                      DUANE MORRIS LLP
                                      30 South 17th Street
                                      Philadelphia, PA  19103-4196
                                      Telephone:  215-979-1000
                                      Facsimile:  215-979-1020
                                      E-mail: lfgould@duanemorris.com
                                      E-mail: mavoltchenko@duanemorris.com
                                      *Attorneys for Defendant Fame Jeans, Inc.*

---

[14] Plaintiff relies on *Caesars World, Inc. v. Milanian*, 247 F. Supp. 2d 1171 (D. Nev. 2003), which may be distinguished on many grounds. Particularly, the plaintiff in *Caesars* is the world's largest gaming company, based in the United States, that operates hotels and casinos under BALLY'S, GRAND CASINO and other famous brands including CAESARS. The plaintiff's CAESARS mark is famous **in this country**, whereas Plaintiff in this case cannot claim the same.