## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------- x
                    :

AKTIESELSKABET AF 21. NOVEMBER 2001,   :    Case No.:  1:06-CV-00585-RCL
Fredskovvej 5, 7330 Brande, Denmark,      :

                    :

                Plaintiff,    :

                    :

       - v. -             :

                    :

FAME JEANS, INC., 6650 Cote de Liesse, St.   :
Laurent, Quebec H4T 1E3, Canada,      :

                    :

              Defendant.   :
------------------------------------------------------------- x


## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT FAME JEANS, INC.'S RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Oliver N. Blaise, III, Esq.
(D.C. Dist. Ct. Bar No. NY0066)
COUGHLIN & GERHART, LLP
20 Hawley Street, 8th Floor East Tower
P.O. Box 2039
Binghamton, New York 13902-2039
Tel:  (607) 723-9511
Fax:  (607) 723-1530
E-mail:  oblaise@cglawoffices.com

Monica P. McCabe, Esq.
(D.C. Dist. Ct. Bar No. 411426)
DLA PIPER US LLP
1251 Avenue of the Americas, 38th Floor
New York, New York 10020
Tel:  (212) 335-4500
Fax:  (212) 884-8464
E-mail:  monica.mccabe@dlapiper.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

PROCEDURAL HISTORY ................................................................................................. 1

LEGAL ARGUMENT ..................................................................................................... 2

    A.    Defendant's Claim Of Priority Is Faulty ............................................................ 2

          1.    Bestseller's Application Has Priority Here ................................................ 2

          2.    Defendant's Trademark Application Is Defective ..................................... 4

    B.    Bestseller Has Alleged Sufficient Facts To Show Bad Faith .............................. 5

    C.    Bestseller's Valuable Mark And The Tremendous Goodwill And Fame
        Associated With It Are Relevant To The Inquiry Before the Court ..................... 9

CONCLUSION ............................................................................................................ 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
------------------------------------------------ x
                                                 :
AKTIESELSKABET AF 21. NOVEMBER 2001,             :    Case No.:  1:06-CV-00585-RCL
Fredskovvej 5, 7330 Brande, Denmark,             :
                                                 :
                                                 :
                      Plaintiff,                 :
                                                 :
            - v. -                               :
                                                 :
FAME JEANS, INC., 6650 Cote de Liesse, St.       :
Laurent, Quebec H4T 1E3, Canada,                 :
                                                 :
                                                 :
                      Defendant.                 :
------------------------------------------------ x
```

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT FAME JEANS, INC.'S RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, Aktieselskabet af 21. November 2001 (**"Plaintiff"** or **"Bestseller"**), by and through its counsel, respectfully submits this memorandum of points and authorities in opposition to the Renewed Motion of Defendant Fame Jeans, Inc. **("Defendant")** to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## PROCEDURAL HISTORY

On March 27, 2006, Bestseller filed its Complaint in the present action seeking judicial review of the Trademark Trial and Appeal Decision **("T.T.A.B.")** decision below which summarily rejected Bestseller's Opposition to Defendant's application for the trademark "Jack & Jones" **("Mark")**. Defendant filed a Motion to Dismiss the Complaint on July 13, 2006 to which Bestseller filed Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint (Docket Number 16) on August 4, 2006.

Subsequently, on August 30, 2006, Bestseller filed its Motion to Amend the Complaint and its Proposed Amended Complaint. Defendant did not oppose the Plaintiff's Motion to Amend the Complaint but instead on September 27, 2006 filed yet another motion to dismiss the Amended Complaint (**"Renewed Motion"**). On October 10, 2006, this Court issued an Order finding Defendant's Motion to Dismiss the Original Complaint moot; granting Plaintiff's Motion to Amend the Complaint; filing the Amended Complaint; and deeming the Renewed Motion to be timely filed.

For the sake of brevity, Bestseller will not repeat the arguments previously made in Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint (**Docket Number 16**) but respectfully refers the Court to those motion papers and incorporates them here. Bestseller also respectfully refers this Court to its Motion to Amend the Complaint (**Docket Number 19**) and incorporates its arguments here as well.

## LEGAL ARGUMENT

**A.    Defendant's Claim Of Priority Is Faulty**

### 1.    *Bestseller's Application Has Priority Here*

In its Amended Complaint, Bestseller added further facts and information to show the worldwide fame of the "Jack & Jones" marks and to allege two additional counts against Defendant:  (1) that the Defendant's intent-to-use (**"ITU"**) trademark application in the United States was void when filed because it lacked the necessary good faith requirement and (2) that Defendant misrepresented its intentions when it filed for a mark identical to Bestseller's world renown Mark.  In its Renewed Motion, Defendant dodges the underlying facts supporting the additional counts and again relies on its faulty "priority" assertion.  Defendant's Renewed

Motion misses the point because it focuses on the date on which its bad faith application was filed, instead of the underlying deficiency in the trademark application itself.

Further, Defendant's sole reliance on filing priority to dismiss the Amended Complaint is faulty. Where an applicant relies on a registration from its country of origin that is a signatory to the International Convention for the Protection of Industrial Property (**"Paris Union"**), it may obtain a U.S. trademark for the same mark without alleging use of its trademark in the United States. *Davidoff Extension S.A.V. v. Davidoff Int'l, Inc.,* 221 U.S.P.Q. 465 (S.D. Fla. 1983). As the court in *Davidoff* explained:

> Further, plaintiff is a Swiss corporation. It has registered the Trademark Davidoff in Switzerland.... The United States and Switzerland are both members of the International Convention for the Protection of Industrial Property (Paris Union). *See Callmann, The Law of Unfair Competition, Trademarks and Monopolies* § 99.1(a) and App. xx (3d Ed. 1982 Supp.) for a list of the member countries and the text of the treaty (Paris Convention) creating the Paris Union. The Paris Convention is self-executing and, by virtue of Article VI of the U.S. Constitution, a part of the law to be enforced by the courts. Also, [the] Lanham Act § 44 (15 U.S.C. 1126) explicitly implements the Paris Convention together with other conventions or treaties relating to trademarks, trade names, or unfair competition. (Citations omitted.)

*Id.* at 467. As a result, the *Davidoff* court concluded that defendant's argument claiming that plaintiff was not using its trademark in the U.S. or that its U.S. registrations were fraudulently obtained were "inconsequential" because plaintiff's reliance on its foreign registration under the Paris Union was sufficient. In the case at bar, Bestseller relies on its 1990 registration in Denmark (No. 06 569 1990), its country of origin, which is a member of the Paris Union. *6 Louis Altman, Callmann on Unfair Competition, Trademarks & Monopolies app.* § 55:7 (Supp. 2006). Thus, because Bestseller does not have to show use in the United States, it is the true party with priority under the circumstances here.

**2.**      *Defendant's Trademark Application Is Defective*

In addition, Defendant completely ignores the fact that if its application was void upon filing, Defendant's filing has absolutely no priority over Bestseller's trademark application for the Mark. *Salacuse v. Ginger Spirits, Inc.,* 44 U.S.P.Q.2d 1415, 1997 WL 687374, at *4, 5 (T.T.A.B. 1997).  (TTAB has flatly rejected the idea that "the mere pendency of [a] prior-filed intent-to-use application[] is dispositive of the priority issue" when bad faith is alleged.)[1]  *Id.* at *4.  Defendant's reliance on *Person's Co., Ltd. v. Christman,* 900 F.2d 1565, 1570 (Fed. Cir. 1990), to argue that there are only two ways to defeat a party with "actual" or "constructive" use in the United States, is misplaced. It is ironic that Defendant would claim use under these circumstances when it has never perfected the Mark by showing any use in the United States (or anywhere else), even during the period of almost an entire year before Bestseller filed its Notice of Opposition on December 15, 2004.

It is clear that even where an applicant has use of a mark but has not filed in good faith before the U.S. Patent and Trademark Office (**"U.S.P.T.O."**), its application will be rejected or its registration will be cancelled.  15 U.S.C. § 1051(b); TMEP § 602.02.  For example, where an applicant files a Statement of Use declaring that it has used all of the goods listed in its application, but it has not, the U.S.P.T.O. will not register the mark.  *First Int'l Servs. Corp. v. Chuckles, Inc.,* 5 U.S.P.Q.2d 1628 (T.T.A.B. 1987).  Thus, Defendant's attempt to limit the Court's analysis to the two possible scenarios presented in *Person's* is incorrect.  An application filed in good faith will always prevail over an application or registration filed in bad faith.

---

[1] Defendant attempts to distinguish *Salacuse* and *Caesars World, Inc. v. Milanian* because the defendants in those cases operated dubious businesses or filed numerous ITU applications.  However, Defendant ignores the true holding of those cases -- that preemptive ITU filers looking to "reserve a mark" without the intent of using it violate the good faith requirement.  *Salacuse,* 44 U.S.P.Q. 2d, 1997 WL 687374 at *4, 5; *Caesars World, Inc. v. Milanian,* 247 F. Supp. 2d 1171 (D. Nev. 2003).

**B.**    **Bestseller Has Alleged Sufficient Facts To Show Bad Faith**

To show bad faith, the moving party must allege that (1) a statement in the application is false, (2) the party making the statement knew, or should have known, that the statement is false, and (3) the statement is a material representation.[2] *See, e.g., J.E.M. Int'l, Inc. v. Happy Rompers Creations Corp.,* Cancellation No. 92043073, 2005 WL 548069, at *6 (T.T.A.B. Feb. 10, 2005); *Hawaiian Moon, Inc. v. Rodney Doo,* Cancellation No. 92042101, 2004 WL 1090666, at *5 (T.T.A.B. Apr. 29, 2004); *Orion Elec. Co., Ltd. v. Orion Elec. Co., Ltd.,* Opposition No. 91121807, 2004 WL 624762 at *11 (T.T.A.B. Mar. 19, 2004); *Nougat London Ltd. v. Carole Garber,* Cancellation No. 92040460, 2003 WL 21206253, at *6 (T.T.A.B. May 14, 2003). "[T]he appropriate inquiry is not into a registrant's subjective intent, but rather into the objective manifestations of that intent." *Jimlar Corp. v. Montrexport S.P.A.,* Cancellation No. 92032471, 2004 WL 1294397 at *9 n. 9 (T.T.A.B. June 4, 2004) (citing *Medinol Ltd. v. Neuro Vasx, Inc.,* 67 U.S.P.Q.2d 1205, 1209 (T.T.A.B. 2003)).  In other words, proof of specific intent is not required; rather, bad faith occurs when an applicant or registrant makes a false material representation that the applicant or registrant knew or should have known was false. *General Car & Truck Leasing Sys. Inc. v. General Rent-A-Car Inc.,* 17 U.S.P.Q.2d 1398, 1400 (S.D. Fla.

---

[2] Defendant's attempt to claim that the bad faith claim is not plead with the required degree of particularity is baseless. As discussed, *infra* pp. 7-9, Bestseller has provided a sufficient degree of specificity to plead a bad faith claim. Courts have recognized that when trying to show the requisite intent or knowing falsity, "it is difficult, if not impossible to prove what occurs in a person's mind, and that intent must often be *inferred* from circumstances and related statements made by that person.  Otherwise, all claims of fraud could easily be defeated by the simple statement, 'I had no intent to do so.' The analysis must be whether the person knew or should have known of the falsity of the statement." (emphasis added).  *Torres v. Contine Torresella, S.R.L.,* 808 F.2d 46, 1 U.S.P.Q.2d 1483 (Fed. Cir. 1986); *First Int'l Services Corp.,* 5 U.S.P.Q.2d at 1636.
At this point in this action before any discovery has been taken, Bestseller is not required to *prove* its allegations as Defendant seems to claim.  At this point, the Court must construe all allegations and facts in the Amended Complaint most favorable to Bestseller and must grant Bestseller the benefit of all inferences that can be derived from the facts alleged. *Massey v. Dist. of Columbia,* 437 F. Supp. 2d 13, 14-15 (D.D.C. 2006); *see also Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Barr v. Clinton,* 370 F.3d 1196, 1199 (D.C. Cir. 2004).  A court should dismiss a claim pursuant to F.R.C.P. 12(b)(6) only if the defendant can demonstrate "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Massey,* 437 F. Supp. 2d at 16 (citing *Conley,* 355 U.S. at 45-46).

1990), *aff'g, General Rent-A-Car Inc. v. General Leaseways, Inc.,* Cancellation No. 14,870 (T.T.A.B. May 2, 1988).

Here, Bestseller has met the requirements for pleading bad faith.  It alleges that (1) Defendant's declaration to the U.S.P.T.O. that it intended to use the Mark in the United States in good faith is false; (2) Defendant knew or should have known that its statement was false; and (3) the statements are material misrepresentations because the U.S.P.T.O. would not issue the registration in the absence of such statements.  *See Standard Knitting, Inc. v. Toyota Jidosha Kabushi Ki Kaisha,* Opp. No. 91116242, 2006 WL 173463, at *18 (T.T.A.B. Jan. 1, 2006); *Orion Electric,* 2004 WL 624762, at *11.

While knowledge of foreign use of a mark may not preclude good faith adoption and use of the same mark in the United States as Defendant asserts,[3] (Renewed Mem. of Law at 2), the very case that Defendant cites, *Person's,* provides other circumstances in which such adoption of a mark is in bad faith and not permitted.  900 F.2d at 1568.[4]  According to *Person's* and the cases it cites, if a foreign mark is famous in the United States or if the applicant's use is a nominal one made solely to block the prior foreign user's planned expansion in the United States, bad faith can be inferred.  *Id.* at 1570.  Further, the federal courts look to the nature of a prior intent-to-use applicant's activities with respect to the use of the mark in deciding whether a bona fide intention to use exists.  *See, e.g. Advertising to Women, Inc. v. Gianni Versace S.P.A.,* No. 98C 1553, 2000 U.S. Dist. LEXIS 12490, at *4 (N.D. Ill. Aug. 24, 2000) (material fact issue existed where

---

[3]  Nowhere in its papers does Defendant deny knowledge of Bestseller's famous Jack & Jones Mark or that it knew that Bestseller was about to expand into the United States at the time it filed its application for the identical mark. This fact is significant because the court in *Person's* noted that defendant appropriated a mark in a market where he did not believe plaintiff competed.  Defendant cannot make the same representation here.

[4]  The other two cases, *Almacenes Exito S.A. v. El Gallo Meat Market,* 381 F. Supp. 2d 324, 328 (S.D.N.Y. 2005), and *General Healthcare Ltd. v. Qashat,* 364 F.3d 332, 338 (1st Cir. 2004), on which Defendant bases its argument are not applicable to the case at bar.  *Almacenes* based its holding on the "famous marks doctrine" which is not at issue here, and *General Healthcare* involved intra-corporate shipments of products to show use in commerce which is not alleged here.

plaintiff's intent to use application was based on extremely limited use in the United States);

*Caesars World, Inc. v. Milanian,* 247 F. Supp. 2d 1171 (D. Nev. 2003) (defendant's ITU

application was made in bad faith in an attempt to capitalize on plaintiff's goodwill after plaintiff

announced its intention to create a theatre with a similar name); *Davidoff Extension S.A. v.

Davidoff Int'l, Inc.,* 221 U.S.P.Q. 465 (S.D. Fla. 1983) (defendant's attempt to use plaintiff's

well-known name to interfere with plaintiff's expansion into the United States enjoined).  In

short, the court looks to whether an applicant has a bona fide intent to use a mark in commerce

on an objective determination of all of the circumstances.  *Advertising to Women,* 2000 U.S.

Dist. LEXIS 12490, at *12 *citing Lane Ltd. v. Jackson Int'l Trading Co.,* 1994 TTAB LEXIS 41,

33 U.S.P.Q.2d 1351, 1355 (T.T.A.B. 1994).

 Defendant's analysis of *Advertising to Women* is without merit because it reverses the

parties in that case.  *See* Memorandum of Law in Support of Defendant Fame Jeans, Inc.'s

Renewed Motion to Dismiss Plaintiff's Complaint Under Rule 12(B)(6), Fed. R. Civ. P. ("Def.

Mem.") at 5-6.  It was not defendant (Gianni Versace S.p.A. et al.) but plaintiff (Advertising to

Women, Inc. et al.) who was alleged to have demonstrated bad faith by its "tenuous placement of

its fragrance product in only one store" and it was not defendant who used to be an "advertising

and marketing agency."  Def. Mem. at 5.  Defendant continues with incorrect factual assertions

by stating that plaintiff's (Advertising to Women, Inc.) name "Versace" was familiar worldwide.

*Id.* at 5-6.  Thus, Defendant's attempt to distinguish the case should be disregarded completely.

Even if Defendants had the parties "straight," its analysis is still flawed because Defendant's

position in the present case is more akin to Plaintiff's (Advertising to Women, Inc.) position in

*Advertising to Women.*  Here, Bestseller claims that despite Defendant's prior ITU filing,

Defendant's Mark is invalid because Defendant did not have a bona fide intent to use the mark in

commerce and it was filed in bad faith. Similarly, in *Advertising to Woman*, defendant claimed

that plaintiff, the prior ITU filer, filed its mark in bad faith and did not intend to use the mark in

commerce. Defendant in *Advertising to Women* claimed that plaintiff's placement of one order

of product was not enough to fulfill the use requirements. In the case at bar, Bestseller has an

even stronger argument -- not only has Defendant not sold one product under the Mark, it has not

even attempted to make such sales as plaintiff in *Advertising to Women* did.

In the case at bar, the Court can infer bad faith from facts and circumstances similar to

the ones stated above. For example, in *Davidoff,* the plaintiff, like Bestseller, was a well-known

international marketer who had millions of dollars of sales of its product outside the United

States. Defendant formed a Florida corporation with the same name as plaintiff after visiting one

of plaintiff's stores in Canada. *Id.* at 466. The court, noting plaintiff's numerous foreign

registrations and applications for the mark and that defendant knew of plaintiff's name prior to

forming the Florida corporation, issued an injunction stopping defendant's use of the mark. *Id.*

at 467.

Defendant wrongly asserts that Bestseller only relies on the fact that Defendant had

knowledge of Bestseller's foreign use of the Mark to show bad faith. Def. Mem. at 2. Bestseller

has alleged many more facts supporting its bad faith arguments: (1) Bestseller and Defendant are

business competitors in several markets and Defendant chose a mark identical to Bestseller's for

the same goods because of the worldwide fame of the Jack & Jones marks;[5] (2) Defendant likely

---

[5]    As alleged in its Memorandum of Law in Support of Plaintiff's Motion to Amend Complaint (pp. 2 to 3),
Bestseller's business under the Mark has been enormously successful. Bestseller has filed 118 registrations
covering forty-six countries in various international classes and sixty-nine applications which are pending for the
Jack & Jones marks. Tens of millions of articles of clothing have been sold under the Jack & Jones marks
worldwide and Bestseller has more than 700 Jack & Jones stores in the European Union and China alone. In
addition, Bestseller has spent millions of dollars on advertising and promoting its Jack & Jones marks around the
world. Further, between January 2002 and May 2006, Bestseller has spent almost 1,400,000 euros on registering
and protecting its marks worldwide.

knew of Bestseller's definite plans to expand from Canada[6] into the United States because of the

same contacts in the clothing industry and because of Bestseller's promotion of the Mark in the

United States in 2004;[7] (3) unlike Bestseller, which actually has goods for sale bearing the Mark

that are available to American consumers overseas, on the Internet,[8] and through re-sales on

eBay.com,[9] Defendant does not have goods or publicity anywhere that would indicate its good

faith intent to use the Mark; (4) Defendant refused to produce evidence before the T.T.A.B.

proceeding showing its good faith selection and adoption of the Mark; and (5) Defendant's

failure to take *any* action to publicize or promote its mark in the United States has prevented

Bestseller from selling clothing and accessories in the United States under its famous Mark.

**C.    Bestseller's Valuable Mark And The Tremendous Goodwill And Fame Associated With It Are Relevant To The Inquiry Before the Court**

Bestseller describes its many registrations, applications, domain names and very

substantial use of the Mark outside the United States in the Amended Complaint to demonstrate

the tremendous goodwill, fame and value of the Mark.  Contrary to Defendant's assertions (Def.

---

[6] Defendant claims that Bestseller incorrectly asserted that its opposition to Bestseller's applications to register the "Jack & Jones" word mark and logo in Canada were dismissed.  Defendant then summarily states that it must file evidence before the Canadian Intellectual Property Office (**"CIPO"**) by December 24, 2006.  CIPO issued two letters on February 6, 2006 (attached hereto at Exhibit A) holding that "the statement of opposition is deficient in that there are insufficient allegations of fact to support the grounds opposition that are pleaded...I am unable to determine that the opponent has raised a substantial issue for decision."  Defendant was given one month to submit a revised statements or face rejection of its oppositions (Exhibit A), which it did (Exhibit B).  Defendant also denies that the Canadian proceedings are relevant in the present case.  While CIPO decisions do not carry precedental value in the United States, CIPO's conclusions and interpretations regarding the Marks identical to the Marks here and the identical parties are helpful in analyzing a bad faith claim.  The fact that Defendant sought to oppose Bestseller in a jurisdiction where Bestseller has substantial use and where it filed for the Mark first is further evidence of Defendant's knowledge of Bestseller's business plans.  Its amended statements of opposition (Exhibit B) indicate that Defendant has knowledge of each type of clothing Bestseller distributes in Canada.

[7] Bestseller has alleged that it has newly discovered evidence which was not presented to the Trademark Trial and Appeal Board that demonstrates such promotion.

[8] Besides its extremely valuable family of marks, Bestseller also owns twenty-one domain names containing the Jack & Jones trademarks including jack-jones.com, jackjones.biz, jackjones.tm, and jack-jones.com.es.  The Jack & Jones Web site has been available in English since 1997.

[9] Defendant claims in a footnote that such sales do not count as "commerce" but provides no authority for its bare assertion.

Mem. at 6-7), these facts are relevant to this Court's determination.  Such information provides the Court with an underlying motive for Defendant's improper actions in the present situation.

Defendant seeks to stop Bestseller from selling its clothing products in the United States precisely because of Bestseller's impressive success with, and the substantial goodwill it has built, in the Mark.  Simply by making its preemptive filing in the United States, Defendant has kept one of its major competitors out of one of the most lucrative markets in the world.  *See Caesars World*, 247 F. Supp. 2d at 1171 (ITU applicants that file preemptively to trade upon fame of another's mark may be found to violate the good faith requirement).  If Bestseller had just a few foreign registrations and less spectacular sales worldwide, Defendant would have no motive to file its trademark application in bad faith and likely would not have done so.

**CONCLUSION**

For the reasons stated above, Bestseller respectfully requests that the Court deny

Defendant's Renewed Motion.


Dated: October 13, 2006


                                        _____/s/ Oliver N. Blaise, III_____
                                        Oliver N. Blaise, III, Esq.
                                        (D.C. Dist. Ct. Bar No. NY0066)
                                        COUGHLIN & GERHART, LLP
                                        20 Hawley Street, 8th Floor East Tower
                                        P.O. Box 2039
                                        Binghamton, New York 13902-2039
                                        Tel: (607) 723-9511
                                        Fax: (607) 723-1530
                                        E-mail: oblaise@cglawoffices.com


                                        Monica P. McCabe, Esq.
                                        (D.C. Dist. Ct. Bar No. 411426)
                                        DLA PIPER US LLP
                                        1251 Avenue of the Americas, 38th Floor
                                        New York, New York 10020
                                        Tel: (212) 335-4500
                                        Fax: (212) 884-8464
                                        E-mail: monica.mccabe@dlapiper.com

                                        *Attorneys for Plaintiff*


NEWY1\80460

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

-------------------------------------------------------------- x

AKTIESELSKABET AF 21. NOVEMBER 2001,          :          Case No.:  1:06-CV-00585-RCL
Fredskovvej 5, 7330 Brande, Denmark,

                                    Plaintiff,          :

       - v. -          :

FAME JEANS, INC., 6650 Cote de Liesse, St.          :
Laurent, Quebec H4T 1E3, Canada,

                               Defendant.          :

-------------------------------------------------------------- x

# EXHIBIT "A"

Oliver N. Blaise, III, Esq.
(D.C. Dist. Ct. Bar No. NY0066)
COUGHLIN & GERHART, LLP
20 Hawley Street, 8th Floor East Tower
P.O. Box 2039
Binghamton, New York 13902-2039
Tel:  (607) 723-9511
Fax:  (607) 723-1530
E-mail:  oblaise@cglawoffices.com

Monica P. McCabe, Esq.
(D.C. Dist. Ct. Bar No. 411426)
DLA PIPER US LLP
1251 Avenue of the Americas, 38th Floor
New York, New York 10020
Tel:  (212) 335-4500
Fax:  (212) 884-8464
E-mail:  monica.mccabe@dlapiper.com

*Attorneys for Plaintiff*



Office de la propriété **Canadian**
intellectuelle **Intellectual Property**
du Canada **Office**

Un organisme         An Agency of
d'Industrie Canada    Industry Canada

50, rue Victoria, bureau C-114    50 Victoria Street, Room C-114
Place du Portage I                Place du Portage I
Gatineau (Québec) K1A 0C9         Gatineau, Quebec K1A 0C9

RECEIVED

FEB 1 0 2006

COASTAL TRADEMARK

BORDEN LADNER GERVAIS LLP                          6 fév/Feb 2006
WORLD EXCHANGE PLAZA                        Votre référence Your File
100 QUEEN STREET, SUITE 1100                       OPO 61420-1
OTTAWA                                      Notre référence Our File
ONTARIO K1P 1J9                                       1226720


RE:    Trade-mark:     JACK & JONES
       Applicant:      Aktieselskabet af 21. November 2001
       Opponent:       Fame Jeans Inc.


Receipt is acknowledged of the prospective opponent's letter dated November 1, 2005 enclosing the
opponent's statement of opposition in duplicate.

The statement of opposition is deficient in that there are insufficient allegations of fact to support the
grounds opposition that are pleaded. In the circumstances, I am unable to determine that the opponent has
raised a substantial issue for decision.


The **opponent** will have until underline one month from the date of this letter to submit a revised statement, in
duplicate, overcoming the above objection. Failure to do so in a timely manner will likely result in the
subject opposition being rejected pursuant to Section 38(4) of the *Trade-marks Act*.


Yours truly,



Myer Herzig,
Member,
Trade-marks Opposition Board.




CC: COASTAL TRADEMARK SERVICES          RE:   (Aktieselskabet af 21. November 2001)
     BOX 12109
     SUITE 2200 - 555 WEST HASTINGS STREET
     VANCOUVER
     BRITISH COLUMBIA V6B 4N6
     Attention: Ann Carlsen





*http://opic.gc.ca – http://cipo.gc.ca*          O P I C    C I P O

**Office de la propriété intellectuelle du Canada**

Un organisme d'Industrie Canada

50, rue Victoria, bureau C-114
Place du Portage I
Gatineau (Québec)  K1A 0C9

**Canadian Intellectual Property Office**

An Agency of Industry Canada

50 Victoria Street, Room C-114
Place du Portage I
Gatineau, Quebec  K1A 0C9

RECEIVED

FEB 1 0 2006

COASTAL TRADEMARK

BORDEN LADNER GERVAIS LLP
WORLD EXCHANGE PLAZA
100 QUEEN STREET, SUITE 1100
OTTAWA
ONTARIO K1P 1J9

6 fév/Feb 2006
*Votre référence  Your File*
OPO 61420-1
*Notre référence  Our File*
1226720

RE:     Trade-mark:       JACK & JONES + Design .
        Applicant:        Aktieselskabet af 21. November 2001
        Opponent:         Fame Jeans Inc.

Receipt is acknowledged of the prospective opponent's letter dated November 1, 2005 enclosing the opponent's statement of opposition in duplicate.

The statement of opposition is deficient in that there are insufficient allegations of fact to support the grounds opposition that are pleaded. In the circumstances, I am unable to determine that the opponent has raised a substantial issue for decision.

The **opponent** will have until <u>one month</u> from the date of this letter to submit a revised statement, in duplicate, overcoming the above objection. Failure to do so in a timely manner will likely result in the subject opposition being rejected pursuant to Section 38(4) of the *Trade-marks Act*.

Yours truly,

Myer Herzig,
Member,
Trade-marks Opposition Board.

CC:  COASTAL TRADEMARK SERVICES          RE:    (Aktieselskabet af 21. November 2001)
     BOX 12109
     SUITE 2200 - 555 WEST HASTINGS STREET
     VANCOUVER
     BRITISH COLUMBIA V6B 4N6
     Attention: Ann Carlsen



*http://opic.gc.ca – http://cipo.gc.ca*



OPIC            CIPO

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------------------------ x
AKTIESELSKABET AF 21. NOVEMBER 2001,        :      Case No.:  1:06-CV-00585-RCL
Fredskovvej 5, 7330 Brande, Denmark,        :
                                            :
                                            :
                     Plaintiff,             :
                                            :
          - v. -                            :
                                            :
FAME JEANS, INC., 6650 Cote de Liesse, St.  :
Laurent, Quebec H4T 1E3, Canada,            :
                                            :
                                            :
                     Defendant.             :
                                            :
                                            :
------------------------------------------------------------ x
```

# EXHIBIT "B"

Oliver N. Blaise, III, Esq.
(D.C. Dist. Ct. Bar No. NY0066)
COUGHLIN & GERHART, LLP
20 Hawley Street, 8th Floor East Tower
P.O. Box 2039
Binghamton, New York 13902-2039
Tel:  (607) 723-9511
Fax:  (607) 723-1530
E-mail:  oblaise@cglawoffices.com

Monica P. McCabe, Esq.
(D.C. Dist. Ct. Bar No. 411426)
DLA PIPER US LLP
1251 Avenue of the Americas, 38th Floor
New York, New York 10020
Tel:  (212) 335-4500
Fax:  (212) 884-8464
E-mail:  monica.mccabe@dlapiper.com

*Attorneys for Plaintiff*

**Office de la propriété intellectuelle du Canada**

Un organisme d'Industrie Canada

50, rue Victoria
Place du Portage I
Gatineau (Québec) K1A 0C9

**Canadian Intellectual Property Office**

An Agency of Industry Canada

50 Victoria Street
Place du Portage I
Gatineau, Quebec K1A 0C9

| Date | |
|---|---|
| | 25 avr/Apr 2006 |
| Votre référence - Your File | |
| | 1573-102 |
| Notre référence - Our File | |
| | 1226720 (0) |

COASTAL TRADEMARK SERVICES
BOX 12109
SUITE 2200 - 555 WEST HASTINGS STREET
VANCOUVER
BRITISH COLUMBIA V6B 4N6

Ann Carlsen

Marque de commerce - Trade-mark

JACK & JONES

Requérant - Applicant:

Aktieselskabet af 21. November 2001

RECEIVED

BY May 3/06
DL May 25/06

Opposant - Opponent:

Fame Jeans Inc.

---

A la demande du registraire veuillez trouver ci-inclus copie de la déclaration d'opposition à cette demande d'enregistrement.

Tel que prescrit aux Règles 39 et 37 du *Règlement sur les marques de commerce (1996)*, la contre-déclaration doit être produite et signifiée dans le délai d'un mois à compter de la date de cette lettre.

Pour obtenir un guide d'information concernant les procédures d'opposition, veuillez communiquer avec la Direction de l'information de l'Office de la propriété intellectuelle canadienne au 1-819-997-1936 ou 1-900-565-OPIC (6742) (3,00$ prix fixe).

Veuiller agréer, mes salutations distinguées.

At the request of the Registrar, I enclose a copy of the statement of opposition to the instant application.

Pursuant to Rules 39 and 37 of the *Trade-marks Regulations (1996)*, your counter-statement must be filed and served within one month from this date.

An information package pertaining to opposition proceedings may be obtained by calling the Canadian Intellectual Property Office, Information Branch at 1-819-997-1936 or 1-900-565-CIPO (2476) ($3.00 flat rate).

Yours truly,

Sylvie Farmer
(819) 994-8903

Commis de la Commission des oppositions / Opposition Board Clerk
pour le / for
Registraire des marques de commerce
Registrar of Trade-marks

Ref:    OPO 61420-1

cc:   BORDEN LADNER GERVAIS LLP
WORLD EXCHANGE PLAZA
100 QUEEN STREET, SUITE 1100
OTTAWA
ONTARIO K1P 1J9



*http://opic.gc.ca · http://cipo.gc.ca*



OPO 61420-1


IN THE MATTER OF an Opposition
by Fame Jeans Inc.
to the registration of the trade-mark
JACK & JONES contained in application
Serial No. 1,226,720 filed on behalf of
Aktieselskabet af

---

### AMENDED STATEMENT OF OPPOSITION


1.      The undersigned, Fame Jeans Inc. , whose principal address or place of business is 6650 Cote de Liesse, St-Laurent, Quebec, H4T 1E3, Canada, hereby gives notice of its opposition to the proposed registration of the trade-mark JACK & JONES, advertised under Serial No. 1,226,720, in the Canadian Trade-marks Journal, on June 1, 2005, in Volume 52, issue 2640.


2.      Reference to Sections and subsections within this Statement of Opposition are references to Sections and subsections of the Trade-marks Act R.S., c.T-10, s.1., unless otherwise indicated.


3.      The grounds of opposition are as follows:


(a)      In accordance with Section 38(2)(a), and having regard to subsection 30(a), application No. 1,226,720 is not in compliance with these sections, as the applicant has not described all of the wares and services contained therein in ordinary commercial terms. In particular, the Opponent alleges that the following goods contained in the subject application would not be considered specific ordinary commercial terms, namely:

> "sports glasses, outdoor winter footwear, rain footwear, exercise footwear, evening footwear, casual clothing, athletic clothing, exercise clothing, rainwear, golf wear, ski wear, protective clothing, formal wear for men, knitwear, leather garments, outer garments, plus fours, waterproof garments".

OPO 61420-1                                          2

    (b)    In accordance with Section 38(2)(a) and having regard to subsection 30(e), application No. 1,226,720 is not in compliance with these sections as the applicant does not intend to use the trade-mark JACK & JONES in Canada for all of the wares and services contained in application No. 1,226,720.

    (c)    In accordance with Section 38(2)(a) and having regard to subsection 30(e), the subject application is not in compliance with these subsections as the applicant has used the subject trade-mark in Canada for the goods and/or services claimed therein prior to the date of filing of the intention-to-use application in Canada on August 11, 2004.

4.    The opponent appoints Borden Ladner Gervais LLP, whose full post office address in Canada is 100 Queen Street, Suite 1100, Ottawa, Ontario K1P 1J9 Canada, as the firm upon which service of any document in respect of the opposition may be made with the same effect as if it had been served upon the opponent.

           EXECUTED at Ottawa, Ontario, Canada this 6th day of March, 2006.

              **FAME JEANS INC.**

              By: _Borden Ladner Gervais LLP_
                      It's Agents

IP-OTT-1\87388\1

**◆** Office de la propriété  Canadian
intellectuelle  Intellectual Property
du Canada  Office

Un organisme  An Agency of
d'Industrie Canada  Industry Canada

50, rue Victoria  50 Victoria Street
Place du Portage I  Place du Portage I
Gatineau (Québec)  K1A 0C9  Gatineau, Quebec  K1A 0C9

| Date |
| --- |
| 25 avr/Apr 2006 |
| Votre référence - Your File |
| 1573-105 |
| Notre référence - Our File |
| 1226720 (0) |

COASTAL TRADEMARK SERVICES
BOX 12109
SUITE 2200 - 555 WEST HASTINGS STREET
VANCOUVER
BRITISH COLUMBIA V6B 4N6

Ann Carlsen

Marque de commerce - Trade-mark
JACK & JONES & DESIGN

Requérant - Applicant:
Aktieselskabet af 21. November 2001

Opposant - Opponent:
Fame Jeans Inc.

*May 3/06*
*DL May 25/06*

---

A la demande du registraire veuillez trouver ci-inclus copie de la déclaration d'opposition à cette demande d'enregistrement.

Tel que prescrit aux Règles 39 et 37 du *Règlement sur les marques de commerce (1996)*, la contre-déclaration doit être produite et signifiée dans le délai d'un mois à compter de la date de cette lettre.

Pour obtenir un guide d'information concernant les procédures d'opposition, veuillez communiquer avec la Direction de l'information de l'Office de la propriété intellectuelle canadienne au 1-819-997-1936 ou 1-900-565-OPIC (6742) (3,00$ prix fixe).

Veuiller agréer, mes salutations distinguées.

At the request of the Registrar, I enclose a copy of the statement of opposition to the instant application.

Pursuant to Rules 39 and 37 of the *Trade-marks Regulations (1996)*, your counter-statement must be filed and served within one month from this date.

An information package pertaining to opposition proceedings may be obtained by calling the Canadian Intellectual Property Office, Information Branch at 1-819-997-1936 or 1-900-565-CIPO (2476) ($3.00 flat rate).

Yours truly,

Sylvie Farmer
(819) 994-8903
Commis de la Commission des oppositions / Opposition Board Clerk
pour le / for
Registraire des marques de commerce
Registrar of Trade-marks

Ref:  OPO 61420-1

cc:  BORDEN LADNER GERVAIS LLP
WORLD EXCHANGE PLAZA
100 QUEEN STREET, SUITE 1100
OTTAWA
ONTARIO K1P 1J9

# Canada

*http://opic.gc.ca · http://cipo.gc.ca*

O P I C  

OPO 61421-1

IN THE MATTER OF an Opposition
by Fame Jeans Inc.
to the registration of the trade-mark
JACK & JONES & DESIGN
contained in application
Serial No. 1,226,721 filed on behalf of
Aktieselskabet af

---

### AMENDED STATEMENT OF OPPOSITION

1.      The undersigned, Fame Jeans Inc. , whose principal address or place of business is 6650
Cote de Liesse, St-Laurent, Quebec, H4T 1E3, Canada, hereby gives notice of its opposition to
the proposed registration of the trade-mark JACK & JONES, advertised under Serial
No. 1,226,721, in the Canadian Trade-marks Journal, on June 1, 2005, in Volume 52, issue 2640.

2.      Reference to Sections and subsections within this Statement of Opposition are references
to Sections and subsections of the Trade-marks Act R.S., c.T-10, s.1., unless otherwise indicated.

3.      The grounds of opposition are as follows:

(a)      In accordance with Section 38(2)(a), and having regard to subsection 30(a),
application No. 1,226,721 is not in compliance with these sections, as the applicant has not
described all of the wares and services contained therein in ordinary commercial terms. In
particular, the Opponent alleges that the following goods contained in the subject application
would not be considered specific ordinary commercial terms, namely:

> "sports glasses, outdoor winter footwear, rain footwear, exercise footwear,
> evening footwear, casual clothing, athletic clothing, exercise clothing, rainwear,
> golf wear, ski wear, protective clothing, formal wear for men, knitwear, leather
> garments, outer garments, plus fours, waterproof garments".

(b)    In accordance with Section 38(2)(a) and having regard to subsection 30(e), application No. 1,226,721 is not in compliance with these sections as the applicant does not intend to use the trade-mark JACK & JONES & DESIGN in Canada for all of the wares and services contained in application No. 1,226,721.

(c)    In accordance with Section 38(2)(a) and having regard to subsection 30(e), the subject application is not in compliance with these subsections as the applicant has used the subject trade-mark in Canada for the goods and/or services claimed therein prior to the date of filing of the intention-to-use application in Canada on August 11, 2004.

4.    The opponent appoints Borden Ladner Gervais LLP, whose full post office address in Canada is 100 Queen Street, Suite 1100, Ottawa, Ontario K1P 1J9 Canada, as the firm upon which service of any document in respect of the opposition may be made with the same effect as if it had been served upon the opponent.

EXECUTED at Ottawa, Ontario, Canada this 6th day of March, 2006.

**FAME JEANS INC.**

By: _Borden Ladner Gervais LLP_
It's Agents

IP-OTT-1\873883\1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

AKTIESELSKABET AF 21. NOVEMBER 2001,       **Case No.: 1:06-CV-00585-RCL**

               Plaintiff,

vs.

FAME JEANS, INC.,

               Defendant.

---

### CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2006, I personally served the Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion to Dismiss the Complaint and the Plaintiff's Proposed Order Pursuant to LCvR 7(k) using the CM/ECF system, which sent notification of such filing to the following:

Oliver N. Blaise, III, Esq.
(D.C. Dist. Ct. Bar No. NY0066)
Terence P. Cooney, Esq.
COUGHLIN & GERHART, LLP
20 Hawley St, 8th Floor East Tower
P.O. Box 2039
Binghamton, New York 13902-2039
Tel: (607) 723-9511
Fax: (607) 723-1530
E-mail: oblaise@cglawoffices.com
       tcooney@cglawoffices.com

Monica P. McCabe, Esq.
(D.C. Dist. Ct. Bar No. 411426)
DLA PIPER US LLP
1251 Avenue of the Americas, 38th Floor
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 884-8464
E-mail: monica.mccabe@dlapiper.com

Barry Golob, Esq.
(Bar I.D. No. 437754)
DUANE MORRIS LLP
1667 K Street, N.W.
Suite 700
Washington, D.C. 20006-1608
Tel: (202) 776-5236
Fax: (202) 776-7801
E-mail: bgolob@duanemorris.com

Lewis F. Gould, Jr. Esq. *(Pro Hac Vice)*
Maxim A. Voltchenko, Esq. *(Pro Hac Vice)*
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Tel: (215) 979-1000
Fax: (215) 979-1020
E-mail: lfgould@duanemorris.com
       mavoltchenko@duanemorris.com

           /s/ Oliver N. Blaise, III, Esq.