## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF COLUMBIA

------------------------------------------------------------

| | |
|---|---|
| AKTIESELSKABET AF 21. NOVEMBER 2001, | ) |
| | ) **Case No.: 1:06-CV-00585-RCL** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FAME JEANS, INC., | ) |
| | ) |
| Defendant. | ) |

------------------------------------------------------------

### REPLY BRIEF IN SUPPORT OF FAME JEANS' RENEWED
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I.**    **INTRODUCTION**

Simply put, this is a case about priority and territoriality of trademark laws. Plaintiff Aktieselskabet af 21. November 2001 ("Plaintiff") filed its Section 44(e) trademark application more than eleven (11) months after Fame Jeans, Inc.'s ("Fame Jeans") filing date, and cannot claim priority based on its foreign filings. Realizing that it fails on its priority dispute, as it did at the TTAB, Plaintiff amended its Complaint in an attempt to create a "new" ground for relief in order to avoid Fame Jeans' proper motion to dismiss. Plaintiff's amendment alleges, in a purely conclusory fashion, that Fame Jeans acted in bad faith by filing its Intent-to-Use application because it "likely" knew of Plaintiff's actions around the world and its consideration to enter the United States market. Plaintiff's amended Complaint does not come close to meeting the pleading requirements of Rule 9, Fed.R.Civ.P., as the case law mandates particularity in pleading such conduct.

More particularly, in order to succeed on the fraud count, Plaintiff must show either one of the two exceptions to the territoriality principle, where the defendant's bad faith arguably can

be inferred: 1) Plaintiff's mark is famous in the United States, or 2) the [defendant's] use is a nominal one made solely to block the prior foreign user's planned expansion into the United States.[1]  Plaintiff's complaint, even as amended, fails to plead any facts to establish either of these two exceptions, and thus Fame Jeans' motion to dismiss should be granted.

## II.    ARGUMENT

### A.    Plaintiff's Mark Is Not (And Cannot Be) Famous in the U.S. and No Facts are Plead to Prove Otherwise

Plaintiff has plead no facts to support a contention that its mark is famous in the United States, a necessary factor to infer bad faith by Fame Jeans, and thus it cannot overcome Fame Jeans' earlier priority on the ground that its mark is famous in the United States.

In its opposition to Fame Jeans' motion, Plaintiff continues to claim **"worldwide" priority** based on its foreign registrations and **"worldwide" fame** of its mark, but by doing so it admits that its mark is not famous in the United States.  Given that the mark has not be used in the United States in any manner by Plaintiff, it instead attempts to establish its prior rights to the JACK & JONES mark in the United States by relying on its foreign registrations and foreign use and by relying on a 1983 decision from a Florida court that has been rejected by several courts, including the United States Court of Appeals for the Federal Circuit.

Specifically, Plaintiff relies on a misread of the Paris Convention by a Florida federal court in D*avidoff Extension S.A. v. Davidoff Inl'l, Inc.*, 221 U.S.P.Q. 465 (S.D. Fla. 1983) to claim priority based on its foreign registrations.  The Federal Circuit soundly rejected this interpretation:

> Davidoff holds that the Paris Convention is self-executing.  However, we are not bound by this decision and we do not find it persuasive.

---

[1] *See Person's Co. v. Christman*, 900 F.2d 1565, 1570, 14 USPQ2d 1477 (Fed. Cir. 1990).

*In re Rath*, 402 F.3d 1207, 1210 (Fed. Cir. 2005). Several federal courts have held that the Paris Convention is not self-executing.[2]

Even if this Court were to consider *Davidoff*, Plaintiff cannot prevail because the facts of that case are very different from those present here. In *Davidoff*, plaintiff Davidoff Extension, S.A. ("plaintiff Davidoff") was a marketer of tobacco products well-known in the United States. An individual defendant formed a company with the name "Davidoff International, Inc." and offered plaintiff Davidoff to do business together. Defendant also published an advertisement for cigars using the Davidoff name as well as plaintiff Davidoff's distinctive stylized script. Plaintiff Davidoff rejected defendant's business offer and requested a preliminary injunction, which the Court granted.

Here, Plaintiff's JACK & JONES mark is virtually unknown to an ordinary American consumer, whereas plaintiff Davidoff and its DAVIDOFF mark were well-known in the United States, not just in Europe, Middle East and Asia, as Plaintiff claims here. Second, plaintiff Davidoff had its DAVIDOFF mark registered with the U.S. Patent and Trademark Office (the "PTO") prior to its claim. Here, plaintiff only filed a Section 44(e) application, intending to use the mark in this country at some indefinite time in the future. Third, plaintiff Davidoff was on the verge of a massive promotional campaign in the United States, including television talk shows and publicity releases in most U.S. major cities. Here, Plaintiff only conducted vague and unsubstantiated "research and marketing efforts." Fourth, and most importantly, plaintiff

---

[2] *See e.g., Almacenes Exito S.A. v. El Gallo Meat Market et. al.*, 381 F. Supp. 2d 324, 328 (S.D.N.Y. 2005)(Paris Convention is not self-executing; *L'Aiglon Apparel, Inc. v. Lana Lobell Inc.*, 214 F.2d 649 (3d Cir. 1954) (same) (cited approvingly in *BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp.*, 229 F.3d 254, 259 n.1 (3d Cir. 2000)). Moreover, the Court of Appeals for the Federal Circuit expressly distinguished *Davidoff* and rejected the concept of worldwide priority in *Person's* (discussed below), under the set of circumstances similar to this case. *See Person's Co. v. Christman*, 900 F.2d 1565, 1570, 14 USPQ2d 1477 (Fed. Cir. 1990).

Davidoff sold products under its mark in the United States, whereas the defendant's use of the DAVIDOFF name and mark was nominal, at best. Here, Plaintiff does not plead that it sold products under its JACK & JONES mark (or any other mark) in the United States in the ordinary course of trade.[3] By contrast, Fame Jeans has sold products in this country under various trademarks.

Accordingly, for several reasons, Plaintiff cannot show that its mark is famous in the United States, and further cannot rely on *Davidoff* to claim an exception to the territoriality principle.

> **B.    Plaintiff's Claim of Fame Jeans' Bad Faith Cannot Be Established As A Matter of Law And Otherwise Lacks Particularity**

Plaintiff alleges that Fame Jeans acted in bad faith in filing its Intent-to-Use ("ITU") application because it **"likely" knew** of Plaintiff's foreign use and registrations and its possible expansion into the United States. These allegations fail as a matter of law under *Person's*. An inference of bad faith requires something more than mere knowledge of prior use of a similar mark in a foreign country. To the extent Plaintiff attempts to plead that Fame Jeans **knew or should have known** of Plaintiff's expansion into the United States <u>and</u> filed its ITU application solely to block such expansion in bad faith, such pleading fails for the lack of specificity under Fed. R. Civ. P. 9(b). *See, e.g., Bender v. Rocky Mountain Drilling Assoc.*, 648 F. Supp. 330, 335-36 (D. D.C. 1986).

Under *Person's,* knowledge of a foreign use does not preclude good faith adoption and use in the United States. Assuming *arguendo* Fame Jeans was aware of Plaintiff's foreign use,

---

[3] It is well-settled that a party cannot acquire a U.S. trademark through operation of the famous or well-known marks doctrine if it has not used its mark on products sold in the United States. *See, e.g., Almacenes Exito S.A. v. El Gallo Meat Market et. al.*, 381 F. Supp. 2d 324, 328 (S.D.N.Y. 2005). Indeed, Plaintiff does not plead that its JACK & JONES mark has acquired any degree of notoriety **within the United States** through advertising or otherwise.

Plaintiff has provided no facts to show Fame Jeans' acted in bad faith, thus precluding relief

under *Person's*. Like in *Person's*, Plaintiff's mark has not acquired any notoriety in this country

at the time of its adoption by Fame Jeans. Plaintiff has no evidence, other than bald, conclusory

accusations, that Fame Jeans adopted the JACK & JONES mark in bad faith. *See Person's Co.*

*v. Christman*, 900 F.2d 1565, 1570 (Fed. Cir. 1990)("Inference of bad faith requires something

more than mere knowledge of prior use of a similar mark in a foreign country"). Plaintiff's

unsubstantiated statement that Fame Jeans' **"likely"** knew of Plaintiff's foreign use of the mark

does not meet its burden.

To the extent Plaintiff attempts to plead Fame Jeans **knew or should have known** of

Plaintiff's expansion into the United States and filed its ITU application solely to block such

expansion in bad faith (i.e., fraudulently), such allegations fail for the lack of specificity under

Rule 9(b).[4] The circumstances constituting fraud on the PTO must be stated with particularity.[5]

For allegations of fraud, courts interpret the particularity of Rule 9(b) to entail pleading of "the

who, what, when, where, and how: the first paragraph of any newspaper story."[6] Plaintiff's

complaint, even as amended, fails the specificity requirement.

---

[4] Plaintiff's failure to use the words "fraud," "fraudulent" or "inequitable conduct" does not preclude a Rule 9(b) requirement. *See, e.g., King Automotive, Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010 (C.C.P.A. 1981) (where appellant pleaded that registrant executed the allegation in the application that no one else has the right to use the same or a confusingly similar mark in commerce in bad faith, the court considered it as the pleading of registrant's alleged fraudulent misrepresentation to the PTO). Furthermore, Plaintiff's assertions that it has superior "equitable claims" to register the JACK & JONES mark necessarily implies that Fame Jeans' conduct was allegedly inequitable or fraudulent and, therefore, such facts must be pled with particularity under Rule 9(b).

[5] *King Automotive, Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010 (C.C.P.A. 1981) ("Rule 9(b) requires that the pleadings contain explicit rather than implied expressions of the circumstances constituting fraud.").

[6] *Iowa Health Sys. v. Trinity Health Corp.*, 177 F. Supp. 2d 897 (D. Iowa 2001), at 915 (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997)(citations omitted)); *see also Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1278 (D.C. Cir. 1994) (quoting *United States ex rel. Joseph v. Cannon*, 206 U.S. App. D.C. 405, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (citation omitted), *cert. denied*, 455 U.S. 999, 71 L. Ed. 2d 865, 102 S. Ct. 1630 (1982)) ("plaintiff must state the "time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud").

Here, Plaintiff's complaint does not meet the "who, what, where, when, and what was obtained" requirement of alleging fraud, nor does it state the basis for Plaintiff's "information and belief." In particular, the complaint fails to state: who at Fame Jeans made a misrepresentation to the PTO; who at Fame Jeans and Plaintiff "come into contact"; the basis for Plaintiff to assume that Fame Jeans was aware of Plaintiff's expansion into the United States; the basis for Plaintiff's belief that Fame Jeans filed its application solely to block Plaintiff's entrance into the U.S. market.[7] Indeed, Plaintiff does not expressly plead that Fame Jeans filed its ITU application <u>solely</u> to block Plaintiff's entrance into the United States.[8] These general inferences that Fame Jeans must have known about certain facts and circumstances and filed its ITU application solely to block Plaintiff's entrance into the United States are unsubstantiated and are precisely the types of inferences that courts have determined are inadequate to withstand a Rule 9(b) inquiry. *See, e.g., Maldonado v. Dominguez*, 137 F.3d 1, 10 (1st Cir. 1998). Thus, the fraud count fails and Plaintiff's complaint should be dismissed.

---

[7] In the Complaint at ¶10 and in Plaintiff's opposition memorandum in footnote 6, Plaintiff attempts to use the Canadian proceedings (which are still pending, contrary to what Plaintiff is representing to this Court, and what the documents Plaintiff itself submitted to this Court state) to show Fame Jeans' knowledge of Plaintiff's "likely" expansion into the United States. Plaintiff misstates the facts to this Court and draws unsupported inferences. For example, Plaintiff states "[t]he fact that [Fame Jeans] sought to oppose [Plaintiff] in a jurisdiction where [Plaintiff] has substantial use and where it filed for the [JACK & JONES mark] first is further evidence of [Fame Jeans'] knowledge of [Plaintiff's] business plans." (emphasis supplied) In fact, Plaintiff filed its applications only intending to use the JACK & JONES mark in Canada and, by any rate, it cannot claim substantial use in that country. Most importantly, however, these allegations are irrelevant in relation to this case under the territoriality principle and *Person's. See also Linville v. Rivard*, 26 U.S.P.Q.2d 1508, 1512 (T.T.A.B. 1993), *vacated on other grounds*, 11 F.3d 1074 (Fed. Cir. 1993) (stating that it is a fundamental rule that activity outside of the United States is ineffective to create rights in marks within the United States).

[8] Plaintiff had ample opportunity to explore these issues during the Trademark Trial and Appeal Board ("TTAB") proceedings. Contrary to what Plaintiff attempts to represent to this Court, the parties fully utilized the discovery. Fame Jeans responded to Plaintiff's two sets of discovery requests. While Plaintiff has the right to appeal the TTAB decision to district court, Plaintiff's attempts to overcome Fame Jeans' motion to dismiss and engage the parties into another discovery and trial constitute nothing more than a fishing expedition.

## III.    **CONCLUSION**

Because Plaintiff's complaint fails to state a claim for which relief can be granted, even with all inferences considered in the light most favorable to it, Fame Jeans' motion to dismiss should be granted.

Dated: November 2, 2006                    Respectfully submitted,

                                   ___/s/ Barry Golob_____
                                   Barry Golob
                                   D.C. Bar No. 437754
                                   DUANE MORRIS LLP
                                   1667 K Street, N.W., Suite 700
                                   Washington, DC  20006-1608
                                   Telephone:  202-776-7800
                                   Facsimile:  202-776-7801

                                   Lewis F. Gould, Jr. (Admitted Pro Hac Vice)
                                   Maxim A. Voltchenko (Admitted Pro Hac Vice)
                                   DUANE MORRIS LLP
                                   30 South 17th Street
                                   Philadelphia, PA  19103-4196
                                   Telephone:  215-979-1000
                                   Facsimile:  215-979-1020

                                   Attorneys for Defendant Fame Jeans, Inc.

DM2\865511.1