IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------- x
:
AKTIESELSKABET AF 21. NOVEMBER 2001,    :  Case No.: 1:06-CV-00585-RCL
Fredskovvej 5, 7330 Brande, Denmark,    :
:
:
Plaintiff,    :
:
- v. -    :
:
FAME JEANS, INC., 6650 Cote de Liesse, St.    :
Laurent, Quebec H4T 1E3, Canada,    :
:
:
Defendant.    :
---------------------------------------------------------------- x

**PLAINTIFF'S NOTICE OF MOTION TO FILE SURREPLY**

Plaintiff, Aktieselskabet af 21. November 2001 ("**Plaintiff**"), hereby moves to submit a surreply memorandum of law ("**Surreply**") to the motion of the defendant, Fame Jeans, Inc. ("**Defendant**"), to dismiss Plaintiff's Amended Complaint, originally filed on September 27, 2006. Plaintiff requests that leave be granted on the following basis:

On or about January 9, 2007, the U.S. Court of Appeals for the Federal Circuit issued a decision that Plaintiff believes has significance for this case and the motion currently pending before the Court. Specifically, Plaintiff contends that the facts and legal issues in *First Niagara Ins. Brokers, Inc. v. First Niagara Fin. Group, Inc.*, 476 F.3d 867, 81 U.S.P.Q.2d (BNA) 1375 (Fed. Cir. 2007), are sufficiently similar to the present case that the conclusions reached by the Federal Circuit Court of Appeals will assist this Court's deliberations on Defendant's motion to dismiss. A copy of *First Niagara* and Plaintiff's proposed Surreply concerning the impact of *First Niagara* on the pending motion are attached.

NEWYI\8091490.1

Pursuant to Local Rule 7(m), counsel for the parties have conferred in good faith regarding this motion, and Defendant's counsel does not oppose the motion. It is respectfully submitted that the Surreply regarding *First Niagara* will assist the Court's evaluation of the pending motion.

WHEREFORE, Plaintiff respectfully requests that its motion to submit the Surreply be granted, together with such other relief that the Court deems appropriate.

Dated: March 26, 2007

                                                /s/ Oliver N. Blaise, III
                                      Oliver N. Blaise, III, Esq.
                                      (D.C. Dist. Ct. Bar No. NY0066)
                                      COUGHLIN & GERHART, LLP
                                      20 Hawley St, 8th Floor East Tower
                                      P.O. Box 2039
                                      Binghamton, New York 13902-2039
                                      Tel: (607) 723-9511
                                      Fax: (607) 723-1530
                                      E-mail: oblaise@cglawoffices.com

                                      Monica P. McCabe, Esq.
                                      (D.C. Dist. Ct. Bar No. 411426)
                                      DLA PIPER RUDNICK GRAY CARY US LLP
                                      1251 Avenue of the Americas, 38th Floor
                                      New York, New York 10020
                                      Tel: (212) 835-4500
                                      Fax: (212) 884-8464
                                      E-mail: monica.mccabe@dlapiper.com

LEXSEE 81 U.S.P.Q.2D (BNA) 1375


Analysis
As of: Mar 12, 2007

### FIRST NIAGARA INSURANCE BROKERS, INC., Appellant, v. FIRST NIAGARA FINANCIAL GROUP, INC., Appellee.

### 06-1202

### UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

### 2007 U.S. App. LEXIS 555; 81 U.S.P.Q.2D (BNA) 1375

### January 9, 2007, Decided

**PRIOR HISTORY:** [*1] Appealed from: United States Patent and Trademark Office, Trademark Trial and Appeal Board. (Opposition Nos. 91/122,072; 91/122,224; 91/122,193; 91/122,450; 91/122,712 and 91/150,237). *First Niagara Ins. Brokers, Inc. v. First Niagara Fin. Group, Inc., 2007 U.S. App. LEXIS 367 (Fed. Cir., Jan. 9, 2007)*

**DISPOSITION:** REVERSED AND REMANDED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant Canadian insurance broker challenged a decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board (Board), which rejected appellant's opposition to the registration of certain marks by appellee United States insurance broker on the basis that appellant did not use its marks in a type of commerce regulable by Congress pursuant to § 2(d) of the Lanham Act, *15 U.S.C.S. § 1052(d)*.

**OVERVIEW:** Appellant, which was located in Canada, had certain business connections with the United States, such as selling policies to United States citizens having Canadian property and selling policies issued by United States-based underwriting companies. Appellee had both American and Canadian customers. When appellee filed its intent-to-use applications at the United States Patent and Trademark Office, appellee filed oppositions, arguing that appellee's marks were likely to cause confusion with appellant's marks. On appeal, the court found that the Board erred in dismissing appellant's oppositions. The Board erroneously framed the issue as use "in commerce" when the plain language of § 1052(d) merely required the prior mark to have been used in the United States by another. The record unquestionably revealed more than ample use of appellant's marks in the United States to satisfy the use requirements of § 1052(d).

**OUTCOME:** The court reversed the decision and remanded the action.

**LexisNexis(R) Headnotes**

*Administrative Law > Judicial Review > Standards of Review > De Novo Review*
*Administrative Law > Judicial Review > Standards of Review > Substantial Evidence*
*Civil Procedure > Appeals > Standards of Review > De Novo Review*
*Civil Procedure > Appeals > Standards of Review > Substantial Evidence > Sufficiency of Evidence*
*Trademark Law > U.S. Trademark Trial & Appeal Board Proceedings > General Overview*
[HN1] The United States Court of Appeals for the

Federal District reviews the United States Patent and Trademark Office, Trademark Trial and Appeal Board's (Board) legal conclusions de novo, and the Board's factual findings for substantial evidence.

*Trademark Law > U.S. Trademark Trial & Appeal Board Proceedings > Oppositions > General Overview*
[HN2] See § 13(a) of the Lanham Act, *15 U.S.C.S. § 1063(a)*.

*Trademark Law > U.S. Trademark Trial & Appeal Board Proceedings > Oppositions > Grounds*
[HN3] Although § 13(a) of the Lanham Act, *15 U.S.C.S. § 1063(a)*, does not explicitly specify valid grounds for opposing registration, the United States Court of Appeals for the Federal District has held that an opposer must state a statutory ground which negates an applicant's entitlement to registration.

*Trademark Law > Likelihood of Confusion > Consumer Confusion > General Overview*
*Trademark Law > Protection of Rights > Registration > Federal Registration*
*Trademark Law > U.S. Trademark Trial & Appeal Board Proceedings > Oppositions > Grounds*
[HN4] See § 2(d) of the Lanham Act, *15 U.S.C.S. § 1052(d)*.

*Trademark Law > Protection of Rights > Registration > Federal Registration*
*Trademark Law > U.S. Trademark Trial & Appeal Board Proceedings > Oppositions > General Overview*
[HN5] An opposer claiming priority under § 2(d) of the Lanham Act, *15 U.S.C.S. § 1052(d)*, may rely on use that is strictly intrastate and not regulable by Congress. That privilege attaches to all opposers, regardless of whether they are foreign or domestic. Thus, a foreign opposer can present its opposition on the merits by showing only use of its mark in the United States.

**COUNSEL:** George Gottlieb, Gottlieb Rackman & Reisman, P.C., of New York, New York, argued for appellant. With him on the brief was Barbara Loewenthal.

Paul I. Perlman, Hodgson Russ LLP, of Buffalo, New York, argued for appellee. With him on the brief were Edwin T. Bean, Jr. and Kathleen Sellers.

**JUDGES:** Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

**OPINION BY:** CLEVENGER

**OPINION:** CLEVENGER, Senior Circuit Judge.

First Niagara Insurance Brokers, Inc. ("FN-Canada") appeals the decision of the Trademark Trial and Appeal Board ("the Board") rejecting FN-Canada's opposition to the registration of certain marks by First Niagara Financial Group, Inc. ("FN-US") on the basis that FN-Canada does not use its marks "in a type of commerce regulable by Congress." *First Niagara Ins. Brokers, Inc. v. First Niagara Fin. Group, Inc.*, Opposition Nos. 91122072, 91122224, 91122193, 91122450, 91122712, 91150237, 2005 TTAB LEXIS 453, slip op. at 36 (T.T.A.B. Oct 21, 2005) ("Board [*2] Decision"). We reverse and remand.

I

The facts relevant to this appeal are undisputed. FN-Canada, an insurance broker, sells insurance policies issued by various underwriting companies to its customers in exchange for a commission. Although FN-Canada has been in continuous operation since 1886, it did not assume the name "First Niagara Insurance Brokers, Inc." until 1984. FN-Canada operates entirely out of Niagara Falls and Niagara-on-the-Lake, in Ontario, Canada, and has no physical presence (e.g., offices, employees, assets, etc.) in the United States. Moreover, FN-Canada is not licensed to act as an insurance broker in any country other than Canada. Nevertheless, FN-Canada's business does have connections to the United States. For example, FN-Canada sells insurance policies issued by United States-based underwriting companies. FN-Canada also sells, through insurance brokers in this country, policies to United States citizens having Canadian property. In other words, if an American owns property in Canada and needs insurance for that property, a domestic broker will contact FN-Canada, who will then provide an appropriate policy issued by one of FN-Canada's underwriters. The [*3] domestic broker and FN-Canada share the commission generated by the transaction.

FN-Canada provides insurance to Canadians, as well,

to facilitate their travel to the United States. Specifically, FN-Canada sells auto insurance policies with features that allow Canadians to legally operate a motor vehicle in this country (i.e., features that are compliant with a given state's motor vehicle insurance laws); liability insurance to Canadian businesses who bring tourists here; commercial liability policies to Canadian businesses doing business in the United States; and policy riders covering goods being shipped across the border by Canadian companies. When a claim arises under one of these policies from an incident occurring in the United States, FN-Canada facilitates the processing of that claim with the issuing underwriter. Another FN-Canada customer is the Niagara Falls Bridge Commission ("the NFBC"), which is a joint U.S.-Canada venture that operates bridges between the two countries. The NFBC leases some of its property to businesses, and FN-Canada has in the past sold commercial liability insurance to the NFBC. FN-Canada has also sold insurance to the Indian Defense League of [*4] America (which has a Canadian address) in connection with an annual march that group leads over an international NFBC bridge.

FN-Canada does not own any registered United States marks; however, in its advertising (including advertising that "spills over" into the United States) and correspondence (including correspondence to customers and other business contacts in the United States) FN-Canada regularly uses several unregistered marks: "First Niagara," "First Niagara Insurance Brokers," and

[SEE PHOTOGRAPH IN ORIGINAL]

The other party to this dispute, FN-US, is also an insurance broker offering services quite similar to those offered by FN-Canada. FN-US is located in Northpointe, New York, and its physical presence is confined to the United States. However, as is the case with FN-Canada, FN-US has both American and Canadian customers. In connection with its business activities, FN-US uses (or intends to use) several marks similar to those used by FN-Canada: "First Niagara," "First Niagara Financial Group," "First Niagara Online," "First Niagara Bank's Customer Connection Line," "First Niagara E-CD," and

[SEE PHOTOGRAPH IN ORIGINAL]

II

In January of 2000, FN-US began filing [*5] intent-to-use applications at the United States Patent and Trademark Office ("USPTO") with respect to each of the marks identified above. FN-Canada subsequently filed oppositions to each of those applications, arguing that FN-US's marks were likely to cause confusion with FN-Canada's marks. FN-US responded by arguing that FN-Canada could not establish the priority necessary to prevail on a likelihood-of-confusion claim because it had not used its marks "in commerce" under *15 U.S.C. § 1127*. The Board entertained extended briefing as well as oral argument before ultimately rendering a decision in favor of FN-US on October 21, 2005.

The Board reasoned that "[t]he nexus of [FN-Canada's] services is Ontario and the activities [FN-Canada] undertakes in communicating with U.S. Brokers and clients are simply a necessary part of its Canadian business," and therefore, "[t]he activities with any connection to the United States that [FN-Canada] has established in this record are de minimis and merely incidental to [FN-Canada's] rendering of its insurance brokerage services in Canada." *Board Decision, 2005 TTAB LEXIS 453, slip op. at 31*. The Board further explained that [*6] because "the insurance policies or riders brokered by [FN-Canada] that extend certain coverages to the United States or U.S. Citizens in Canada . . . reflect the rights and liabilities of the underwriter, not those of the broker," "[s]uch activities do not constitute rendering of insurance brokerage services in either interstate or foreign commerce." *Id.* Accordingly, FN-Canada's oppositions were dismissed.

This appeal followed. We have jurisdiction pursuant to *28 U.S.C. § 1295*.

III

[HN1] "This court reviews the Board's legal conclusions de novo, and the Board's factual findings for substantial evidence." *In re Pacer Tech., 338 F.3d 1348, 1349 (Fed. Cir. 2003)* (citations omitted).

IV

*Section 13(a)* of the Lanham Act provides in relevant part:

> [HN2] Any person who believes that he would be damaged by the registration of a mark upon the principal register, including the registration of any mark which would

> be likely to cause dilution by blurring or dilution by tarnishment under section 43(c), may, upon payment of the prescribed fee, file an opposition in the Patent and Trademark Office, stating the grounds therefor, within thirty days [*7] after the publication under subsection (a) of section 12 of this Act of the mark sought to be registered.

15 U.S.C. § 1063(a) (emphasis added). [HN3] Although Section 13(a) does not explicitly specify valid "grounds" for opposing registration, this court has held that the opposer must state "a statutory ground which negates the applicant's entitlement to registration." *Young v. AGB Corp.*, 152 F.3d 1377, 1380 (Fed. Cir. 1998). The statutory ground relied upon by FN-Canada in opposing FN-US's registration is Section 2(d) of the Lanham Act, which provides in relevant part:

> [No [HN4] trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it] [c]onsists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive[.]

15 U.S.C. § 1052(d) [*8] (emphasis added).

In the proceedings below, the Board based its analysis on the assumption that an "opposer's claim of prior use can succeed only if it has proved use of its marks in connection with services rendered in commerce lawfully regulated by Congress, as required under Section 45 of the Trademark Act, 15 U.S.C. § 1127." Board Decision, 2005 TTAB LEXIS 453, slip op. at 23. Such an assumption was unwarranted, however, in light of the plain language of the statute, which merely requires the prior mark to have been "used in the United States by another." 15 U.S.C. § 1052(d). See *Nat'l Cable Television Ass'n v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1578 n.4 (Fed. Cir. 1991) ("Were failure to show 'use in commerce' a bar to petitioning for cancellation of a registration, a party could never cancel a mark based solely on intrastate use. This is not the law. Section 14 [through Section 2(d)] requires only prior use; 'in commerce' is noticeably absent."); cf. 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 29:4, at 29-22 (4th ed. 2006) (noting that "there is no requirement in § 43(a) that the plaintiff [*9] who invokes that statute must have used the mark in U.S. interstate or foreign commerce"). Indeed, as the Board observed in a footnote in its opinion, [HN5] "[a]n opposer claiming priority under Section 2(d) may rely on use that is strictly intrastate and not regulable by Congress." Board Decision, 2005 TTAB LEXIS 453, slip op. at 23 n.15 (emphasis added). That privilege attaches to all opposers, regardless of whether they are foreign or domestic. Thus, a foreign opposer can present its opposition on the merits by showing only use of its mark in the United States.

In spite of the plain language of the statute requiring mere use, and in spite of this court's highly-relevant precedent, *Nat'l Cable Television*, 937 F.2d at 1578 n.4, FN-Canada did not object to FN-US and the Board framing the issue as use "in commerce." FN-Canada, having burdened itself with a higher hurdle than necessary, was apparently found by the Board to have waived the right to argue this case on the correct lesser use requirement. n1 And on appeal, FN-Canada does not contest the Board's assumption of waiver and instead argues its whole case on the ground that its use of its marks satisfies the "use in commerce" [*10] test. It is tempting, of course, to simply deem the issue waived and decide this case as it was presented. Upon reflection, however, we believe it would be imprudent to render a decision predicated upon a hypothetical reading of Section 2(d), i.e., as if it requires "use in commerce" instead of "use in the United States." In fact, such a decision would arguably constitute an impermissible advisory opinion given the possibility that FN-Canada may eventually seek, in separate proceedings, to prove that its marks are used "in commerce" in order to obtain its own registration with the USPTO.

> N1 We do note, however, that the "interstate commerce" alleged in FN-Canada's notices of opposition necessarily subsumes "use in the

2007 U.S. App. LEXIS 555, *10; 81 U.S.P.Q.2D (BNA) 1375

United States." Although we do not fault the Board in this case for having accepted and decided the case on the ground it did, we think in future cases where a section 2(d) challenge is mounted, the Board should apply the correct test even where use in interstate or foreign commerce is alleged.

Under the correct test, it is clear that the Board erred in dismissing FN-Canada's oppositions. The record unquestionably reveals more than ample use of [*11] FN-Canada's marks in the United States to satisfy the use requirements of *Section 2(d)*. Therefore, we are compelled to reverse the decision below.

V

The decision of the Board is reversed and the case is remanded for further proceedings consistent with this opinion.

COSTS

No costs.

REVERSED AND REMANDED