IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

AKTIESELSKABET AF 21. NOVEMBER 2001,
Fredskovvej 5, 7330 Brande, Denmark,

                Plaintiff,

vs.

FAME JEANS, INC.,
6650 Cote de Liesse, St. Laurent,
Quebec H4T 1 E3, Canada,

                Defendant.

Case No.: 1:06-CV-00585-RCL

---

### DEFENDANT FAME JEANS, INC.'S ANSWER TO AMENDED COMPLAINT

Defendant Fame Jeans, Inc. ("Fame Jeans") for its answer to the Amended Complaint of Plaintiff Aktieselskabet af 21. November 2001 ("Plaintiff"), responds to like numbered paragraphs as follows:

#### PRELIMINARY STATEMENT

1. Admitted.

#### THE PARTIES

2. Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

3. Admitted.

#### JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

6. Fame Jeans admits that venue is proper in this judicial district pursuant to 15 U.S.C. § 1071(b)(4). Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

## BACKGROUND & FACTS

7. Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

8. Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

9. Fame Jeans admits that it operates in the clothing industry. Fame Jeans denies Plaintiff's allegation that Fame Jeans knew Plaintiff planned to expand its operations and use of its mark JACK & JONES in the United States. Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

10. Fame Jeans admits that opposition proceedings involving Canadian Application Nos. 1226720 and 1226721 were filed before the Canadian Intellectual Property Office. Fame Jeans admits that the opposition proceedings involving Canadian Application Nos. 1226720 and 1226721 were dismissed by the Canadian Intellectual Property Office.

11. Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

12. Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

13. Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

14. Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

15. Fame Jeans admits that it filed an application with the United States Patent and Trademark Office ("USPTO") on January 9, 2004, seeking to register the mark JACK & JONES for "clothing, namely jeans, pants, slacks with strap under foot, shorts, skirts, boxer shorts, culottes, blouses, waistcoats, jackets, coats, tunics, blazers dresses; corsages, namely, bodices to be incorporated into clothing; bustiers, overalls, pullovers; underpants; vests, short sleeved vests, swat shirt tops, and dungarees; scarves; shawls, ties; leg warmers; gloves; stockings and socks; tights; swim wear, namely bathing costumes, bathing trunks and bikinis; hats, camps; denim jackets; ski wear, namely ski trousers, ski dungarees, ski overalls, ski jackets, ski vests and ski jackets with detachable sleeves; head scarves, neck scarves; heavy woolen clothing, namely, knitted pants, knitted shorts, and knitted tops; double breasted jackets, overcoat, jogging suits, hats; caps and toques; jogging suits, muscle tops, shorts, trousers, sweatshirts, sweatpants, vests and tank tops; dresses; shoes; hosiery; lingerie, namely underskirts, panties, bras, and underwear; men's, ladies' and children's dress pants, dresses, suits and dress shirts (Application Serial No.

78/350,085). Fame Jeans admits that Application Serial No. 78/350,085 was filed under 15 U.S.C. § 1051(b). Fame Jeans denies the remaining allegations.

16. Fame Jeans admits that Application Serial No. 78/527,823 was filed by Plaintiff on December 6, 2004 seeking registration of the mark JACK & JONES for "men's, women's and children's suits, jackets, trousers, skirts, blouses, dresses, sweaters, vests, underpants, shorts; articles of sports clothing, namely shorts, tops, t-shirts, sweatshirts, sweatpants, tights, body stockings and socks; hats and headwear; neckties; scarves; jeans; caps; gloves; belts; footwear; aprons; swimwear; sleeping garments; knitted articles of clothing and articles of clothing made from knitted material, namely sweatshirts, cardigans, tops, pullovers, slipovers, shawls, scarves, hats, jackets, socks, and stockings." Fame Jeans admits that Application Serial No. 78/527,823 was filed under 15 U.S.C. § 1126(e). Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

### ACTION BEFORE THE TRADEMARK TRIAL APPEAL BOARD

17. Fame Jeans admits that Plaintiff initiated an opposition proceeding before the Trademark Trial and Appeal Board ("TTAB"), Opposition No. 91163436 (the "Opposition"), contesting the registration of Application Serial No. 78/350,085.

18. Plaintiff's Notice of Opposition filed December 15, 2004 is the best evidence of its contents; thus, Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

19. Admitted.

20. Fame Jeans admits that Plaintiff and Fame Jeans engaged in discovery during the Opposition. Fame Jeans denies the remaining allegations.

21.     Fame Jeans admits that it filed a motion for summary judgment with the TTAB on June 20, 2005 alleging Fame Jeans had priority to register the JACK & JONES mark under Section 1(b). Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

22.     Fame Jeans admits that Plaintiff filed a cross-motion for summary judgment with the TTAB on July 18, 2005. Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof.

23.     Admitted.

24.     Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's Amended Complaint and therefore denies the same, leaving Plaintiff to its proof, and to the extent the allegations contain legal conclusions, no response is required.

25.     Denied.

## COUNT I
### (Request for Reversal Under Section 21 of Lanham Act)

26.     Fame Jeans incorporates by reference its responses to paragraphs 1 through 25 of Plaintiff's Amended Complaint as if fully set forth herein.

27.     To the extent the allegations in paragraph 27 of Plaintiff's Amended Complaint contain legal conclusions, no response is required, otherwise the allegations are denied.

28.     Admitted.

29.     Fame Jeans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of Plaintiff's Amended Complaint and therefore

denies the same, leaving Plaintiff to its proof, and to the extent the allegations in paragraph 29 of Plaintiff's Amended Complaint contain legal conclusions, no response is required.

30. Denied.

## COUNT II
### (Application Void Ab Initio)

31. Fame Jeans incorporates by reference its responses to paragraphs 1 through 30 of Plaintiff's Amended Complaint, as if fully set forth herein.

32. Admitted.

33. Denied.

34. Denied.

## COUNT III
### (Misrepresentation)

35. Fame Jeans incorporates by reference its responses to paragraphs 1 through 34 of Plaintiff's Amended Complaint, as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

44. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

45. At all relevant times, Fame Jeans acted in good faith and/or in good faith reliance upon the statutes contained in the Lanham Act and had a bona fide intention to use the mark in commerce at the time of filing its application for the mark JACK & JONES and at all times since.

### THIRD AFFIRMATIVE DEFENSE

46. Fame Jeans has been using the mark JACK & JONES in commerce in the United States since August 6, 2007 and has priority of use in the United States.

### ADDITIONAL DEFENSES

47. As Fame Jeans' investigation is ongoing and discovery has not yet been taken, Fame Jeans is without sufficient information regarding the existence or non-existence of other facts or acts that would constitute a defense to Plaintiff's claims for relief or allegations. Fame Jeans accordingly gives notice that it may assert facts or acts which would otherwise constitute a defense under Title 15 of the United States Code.

Dated: July 21, 2008                               Respectfully submitted,

                                              /s/ Barry Golob
Barry Golob
D.C. Bar No. 437754
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006-1608
Telephone: 202-776-5236
Facsimile: 202-776-7801

Lewis F. Gould, Jr.
(Admitted Pro Hac Vice)
Maxim A. Voltchenko
(Admitted Pro Hac Vice)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215-979-1000
Facsimile: 215-979-1020

*Attorneys for Defendant Fame Jeans, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKTIESELSKABET AF 21. NOVEMBER 2001,<br>Fredskovvej 5, 7330 Brande, Denmark,<br><br>             Plaintiff,<br><br>vs.<br><br>FAME JEANS, INC.,<br>6650 Cote de Liesse, St. Laurent,<br>Quebec H4T 1 E3, Canada,<br><br>             Defendant. | ) <br>) Case No.: 1:06-CV-00585-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2008 I personally filed the attached DEFENDANT FAME JEANS, INC.'S ANSWER TO AMENDED COMPLAINT, on behalf of Defendant, Fame Jeans, Inc., using the CM/ECF system, which sent notification of such filing to the following:

Oliver N. Blaise, III, Esq.
Coughlin & Gerhart LLP
20 Hawley St.
8th Floor East Tower
Box 2039
Binghamton, NY 13902

Mary Elizabeth Gately, Esq.
DLA Piper US LLP
1200 Nineteenth St., N.W.
Washington, D.C. 20036-2412

Monica P. McCabe, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020-1104

Barry Golob
DUANE MORRIS LLP
505 9th Street, N.W.
Suite 1000
Washington, D.C. 20004
bgolob@duanemorris.com


                               /s/ Barry Golob

DM2\1497471.1